*622 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nuestra consideración Eladio Canals ("Canals") mediante recurso de certiorari y solicita que revoquemos la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 4 de octubre de 1999. En dicha orden, la cual fue archivada en autos y notificada el 22 de noviembre de 1999, el Foro de Primera Instancia declaró "No ha lugar" la "Moción en Solicitud de Desestimación por Virtud de Cosa Juzgada" que presentara Canals en el caso Ismael García Martínez, Armando Agosto Santos, como mandatario de Leonisa Falcón Robles etc. v. Eladio Canales, su esposa Juana Doe, Fulanita, Sutana y Mengano, DAC1999-0362.
I
El 29 de julio de 1993, Félix Ortiz Camacho ("Ortiz") y Leonides Falcón Robles ("Falcón"), representados por su mandatario Armando Agosto Santos, presentaron demanda titulada "Acción Civil de Desahucio en Precario y/o Accesión y/o Interdicto Posesorio y/o Acción Reivindicatoría y Solicitud de Remedios Provisionales" contra Canals (Civil Núm. DPE93-0257). En dicha demanda, Ortiz y Falcón argüyeron que su hijo Waldemar Ortiz Falcón ("Waldemar") había heredado, mediante testamento abierto otorgado por José Policarpio Pardo ("Pardo"), dos solares localizados en la Avenida Las Nereidas del Municipio de Cataño. De acuerdo a Ortiz y Falcón, Pardo había heredado el dominio de los solares en controversia de su madre, y dio permiso al padre de Canals para que edificara una estructura de madera para dedicarla a un negocio sin cobrarle canon de arrendamiento alguno. Luego, Canals construyó en uno de los solares un edificio de dos plantas que dedicó al negocio de fabricación de rejas. De acuerdo a Ortiz y a Falcón, el padre de Canals y Canals ocuparon el solar en usufmcto, por la mera liberalidad de Pardo. En la súplica de la demanda presentada el 29 de julio de 1993, Ortiz y Falcón solicitaron, entre otras cosas, se ordenara la reivindicación de la propiedad a su favor, si procedía.
Canals contestó la demanda presentada en su contra y levantó como defensa afirmativa que éste había adquirido, mediante prescripción adquisitiva extraordinaria, los solares en controversia, ya que los había ocupado por más de cuarenta y cinco (45) años en concepto de dueño, pública, pacífica e ininterrumpidamente. Además, Canals alegó que Ortiz y Falcón no tenían título alguno sobre los solares.
Luego de varios incidente procesales y celebrado juicio en su fondo, el Tribunal de Primera Instancia declaró sin lugar la demanda presentada por Ortiz y Falcón en todas sus partes. Inconforme con esta *623 determinación, Ortiz y Falcon acudieron ante este Tribunal mediante recurso de apelación. Con fecha de 14 de diciembre de 1998, se emitió Sentencia (KLAN-97-00284) confirmando al Tribunal de Primera Instancia. Allí, este Tribunal expresó que Ortiz y Falcón no demostraron tener un derecho dominical o de otra índole sobre los solares en controversia, ya que éstos fallaron en demostrar que la madre de Pardo fuera la propietaria de los solares en controversia. La prueba demostró que la madre de Pardo era una mera poseedora y que Pardo lo único que heredó era la posesión del inmueble. También se concluyó que Ortiz y Falcón no demostraron haber adquirido mediante prescripción, el dominio de los solares en controversia. Sin embargo, este Tribunal expresó que la cuestión relativa a quién era el titular de los mismos, debía adjudicarse en un procedimiento independiente. Dicha Sentencia advino final y firme.
Así las cosas, el 31 de marzo de 1999, Ismael García Martínez ("García"), quien había comprado los derechos y acciones de Ortiz, y Falcón, de nuevo representada por su mandatario, Armando Agosto Santos, presentaron una segunda demanda de interdicto posesorio y dominio contradictorio contra Canals ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (DAC-1999-0362). Los demandantes, utilizando los mismos argumentos que esgrimieron en el caso DPE-93-0257, reclamaron tener un mejor título que Canals sobre los solares en controversia. De acuerdo a García y Falcón, el propósito de la segunda demanda era que se dilucidara de una vez por todas quién es el titular del inmueble, ya que durante el anterior caso no se hizo por tratarse de una demanda de desahucio en precario.
Canals contestó la demanda y posteriormente presentó una moción de desestimación alegando que el caso DPE-93-0257 constituia cosa juzgada en el pleito DAC-1999-0362. El Tribunal de Primera Instancia, luego de examinar la posición de García y Falcón, declaró "Sin lugar" la solicitud de Canals. Inconforme con esta determinación, Canals acude ante nos mediante el recurso que nos ocupa y plantea que el Tribunal de Primera Instancia incidió al no desestimar la demanda de autos por ser de aplicación la doctrina de cosa juzgada. Luego de examinar la oposición a la expedición del auto solicitado presentada por García y Falcón, procedemos a resolver.
II
El artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, dispone que "[pjara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las. causas, las personas de los litigantes y la calidad con que lo fueron." En lo que respecta a la doctrina de impedimento colateral por sentencia, una modalidad de cosa juzgada, se ha resuelto que una "sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron." Millón v. Caribe Motors Corp., 83 D.P.R. 494, 506-507 (1961). Dicha doctrina persigue el propósito de proteger a los litigantes de las molestias que supone litigar en repetidas ocasiones la misma controversia, promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes. Pagan Hernández v. U.P.R., 107 D.P.R. 720,732 (1978).
El requisito de identidad de causas se constituye "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-52 (1972), citando a VHt, J.M. Manresa y Navarro, Comentarios al Código Civil Español, págs. 303-304 (1967). Para cumplir con el requisito de identidad de cosas "basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro". Rodríguez Rodríguez v. Colberg Comas, 131 D.P, R. 212, 220 (1992).
En cuanto a la identidad de las personas de los litigantes, este requisito se rige por la doctrina de mutualidad que proviene del vocablo "privity" descrito de la siguiente forma:

“In determining whether privity exists, courts generally employ a functional analysis, which entails a careful examination of the circumstances of the case and the rights and interest of the parties to be held in 
*624
privity. Thus, the question of who is a privy is a factual one requiring a case-by-case examination. Privity should be applied with flexibility; literal privity is not required.

In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right. It has been declared that privity within the meaning of the doctrine of res judicata is privity as it exits in relation to the subject matter of litigation, and that the rule may be construed to mean parties claiming under the same title. Under this rule, privity denotes mutual or successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment. There is privity within the moaning of the doctrine of res judicata where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, lienor, or lessee of property. ” 47 American Jurisprudence 2d, sec. 663, a las págs. 85-89.
Cabe destacar que el propio artículo 1204 de nuestro Código Civil, supra, dispone que "[s]e entiende que hay identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, y estén unidos a ellos por vínculos de solidaridad". Esta disposición se complementa por lo pautado en el artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. see. 1793, que en lo pertinente establece:

“El efecto de una sentencia o decreto definitivo en una acción o un procedimiento especial ante un tribunal o un juez de Puerto Rico o de los Estados Unidos con jurisdicción para pronunciar sentencia o decreto, es como sigue:

****
(2) En los demás casos, el fallo o decreto, en cuanto a la materia directamente juzgada, será concluyente entre las partes y sus sucesores en interés por título adquirido posteriormente al comienzo de la acción o del procedimiento especial, las cuales estuvieran litigando por la misma cosa, bajo el mismo título y en el mismo carácter, siempre que tuvieran noticia expresa o tácita de estarse substanciando la acción o procedimiento." (Enfasis suplido.)
En cuanto a este último requisito, el Tribunal Supremo de España ha dictaminado que " existe jurídicamente identidad de personas, aunque no sean físicamente las mismas las que litiguen en los dos pleitos, cuando la que litiga en el segundo pleito ejercita la misma acción e invoca iguales fundamentos y se apoya en los mismos títulos que en el primero, pues ello implica la solidaridad jurídica entre los demandantes a que se refiere el Art. 1252...". (Art. 1204 del Código Civil de Puerto Rico), Sucn Zayas Berríos v. Berríos, 90 D.P.R. 551, 565-566 (1964), citando a Sentencias del Tribunal Supremo de España de 15 de junio de 1899 y de 11 de marzo de 1949 (87 Jurisprudencia Civil, a la pág. 497 y 111 Jurisprudencia Civil, tomo 26, págs. 165, 172); Manresa, Código Civil Español, Sta. ed., Tomo 8, Vol. n, a las págs. 242-243.
III
El artículo 280 del Código Civil de Puerto Rico, 31 L.P.RA. sec. lili, establece que el propietario tiene una acción contra el tenedor y el poseedor de la cosa para reivindicarla. Es decir, para dirimir la posible usurpación de los terrenos. Arce v. Díaz, 77 D.P.R. 624, 628 (1954). En dicha acción, el propietario reclama la entrega de la cosa que le pertenece, cuando ésta se halla en posesión de alguien que carece de título para poseer. Ill Puig Brutau, El Derecho de Propiedad, a la pág. 46 (1989). Para que un tribunal declare con lugar una acción reivindicatoría: (1) tiene que ser presentada por la persona que tenga a su favor un derecho de propiedad; (2) se debe dirigir contra la persona que tenga en su poder la cosa; (3) el demandado no puede oponer ningún derecho que justifique su pretensión de retener la cosa frente al propietario; y (4) la cosa que se reivindique debe ser debidamente identificada. Id., a las págs. 46-47; Girod Lube v. Ortiz Rolón, 94 D.P.R. 406, 413 (1967). Cabe destacar que el principal efecto de la acción reivindicatoría es la restitución de la propiedad de la cosa reivindicada, con sus accesiones, al demandante. II Puig Brutau, a la pág. 50.
*625 Por otro lado, el artículo 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. see. 2821, establece que los dueños de una finca, los usufructuarios y cualesquiera otra persona que tenga derecho a disfrutar de dicha finca son las personas que tienen derecho a promover una acción de desahucio. La acción de desahucio es un procedimiento mediante el cual lo único que se intenta es recuperar la posesión de hecho de una propiedad mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. Fernández & Hno. v. Pérez, 79 D.P.R. 244, 247 (1956). Por ser una acción de carácter sumario, cualquier consideración colateral o accesoria corresponde a una acción ordinaria. Id. Por esta misma razón, no debe prosperar una acción de desahucio cuando existe un legítimo conflicto de título entre él demandante y el demandado. Martínez v. Dalmau, 93 D.P.R. 191, 193 (1966). Los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser éste uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. C.R.U.V. v. Román, 100 D.P.R. 318, 321 (1971). Para que proceda el desahucio en precario, el demandante tiene que probar: (1) que está en la posesión real de la finca a título de dueño, de usufructuario o de cualquier otro que le de derecho a disfrutarla; y (2) que el demandado ocupa el inmueble sin otro título que no sea la mera tolerancia del dueño o poseedor, ya sea porque nunca haya tenido título que justifique el goce, o bien porque teniendo en tiempo virtualidad, lo haya perdido. Id.
La diferencia entre estas dos acciones es que en la acción reivindicatoría se persigue que la propiedad en sí sea devuelta a su dueño, mientras que el desahucio es un intento de recuperar la posesión de una cosa por parte de una persona con derecho legítimo a la propiedad, aunque no necesariamente tiene que ser su dueño, e.g., un usufructuario o arrendador de la propiedad. El artículo 362 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 1423, establece que la posesión en los bienes y derechos puede tenerse en uno de dos aspectos: o en el de dueño, o en el de tenedor de las cosas o derechos para conservarlos o disfrutarlos, [posesión inmediata] perteneciendo el dominio a otra persona [posesión mediata]. Cabe señalar que al reivindicarse la propiedad, puede quedar en manos de un mero tenedor o precarista la posesión inmediata de la misma, aunque ya la mediata ha vuelto a manos del dueño. En este caso, las Reglas de Procedimiento Civil ponen al alcance del propietario, poder acumular en una demanda varias causas de acción entre las cuales se encuentra su derecho a: (1) reivindicar la propiedad. 31 L.P.R.A. see. lili; y (2) a recuperar la posesión natural o civil de la cosa mediante el desahucio de quien detenta la misma sin derecho a ella, 31 L.P.R.A. see. 1421; 31 L.P.R.A. secs. 1461,1462.
IV
Precisamente, esta es la situación que nos ocupa. El caso DPE93-0257, aunque se interpretó como un pleito de desahucio de naturaleza sumaria, la realidad es que se trataba de una acción ordinaria en la cual Ortiz y Falcón intentaron probar su carácter de dueños de un inmueble para reivindicarlo y luego se procediera a desalojar del mismo a Canals mediante desahucio. Debemos señalar que los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. In re: Tormos Blandino, _ D.P.R. _ (1994), 94 J.T.S. 53, a la pág. 11793, citando a U.S.I. Properties Inc, v. Registrador, 124 D.P.R. 448, 468 (1989). Dicho de otra manera, de ordinario, los planteamientos que han sido objeto de adjudicación por el foro de instancia y/o por este Tribunal no pueden reexaminarse.. Esos derechos y responsabilidades gozan de las características de finalidad y firmeza, con arreglo a la doctrina de la ley del caso. Sanchez Rodríguez v. López Jiménez, 118 D.P.R. 701, 704 (1987) Ahora bien, en el pasado, el Tribunal Supremo de Puerto Rico ha expresado que la doctrina de la ley del caso es una "al servicio de la justicia, no la injusticia; no es férrea, ni de aplicación absoluta. Por el contrario, es descartable si conduce a resultados manifiestamente injustos. Estado v. Ocean Park Dev. Corp., 79 D.P.R. 158, 174 (1956) En esa misma línea de pensamiento, también se ha reconocido "que si el Tribunal entiende que la ley del caso antes establecida es errónea y que puede causar una grave injusticia, ...puede aplicar una norma de derecho diferente a fin de resolver en forma justa". Don Quijote Hotel v. Tribunal Superior, 100 D.P.R. 19, 29-30 (1971). Al fin de cuentas, debe recordarse que la apelación en un caso, siempre se da contra la sentencia y no contra sus fundamentos. Rodríguez v. Serra, 90 D.P.R. 776, 777 (1964). Además, la defensa de cosa juzgada puede invocarse, aunque los fundamentos de la sentencia sean erróneos, siempre que se hubiera dictado con jurisdicción y en ausencia de fraude. Bolker v. Tribunal Superior, 82 D.P.R. 816, 833-834 (1961). Como señala *626 Manresa: "...el fundamento de la cosa juzgada no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino que se encuentra en la esencia misma de la resolución judicial, que no merecería tal nombre ni tendría fuerza y resultado, si no se fortaleciera de ese modo. Es, por tanto, una consecuencia directa de la autoridad necesaria al fallo, y en un orden eminentemente práctico, tiene el fundamento indiscutible de que sin esa fuerza atribuida a lo juzgado, los pleitos nunca tendrían fin...". VIH Manresa, Código Civil Español, Vol. 2, a la pág. 279 (1967).
En el caso DPE93-0257, Ortiz y Falcón no lograron probar ser propietarios de los solares poseídos por Canals. Este era el primer requisito que Ortiz y Falcón debían cumplir para que el Tribunal de Primera Instancia concluyera que procedía reivindicar la propiedad a su favor. De haberse probado este primer requisito, entonces hubiera sido pertinente entrar a considerar el desahucio de Canals y los demás derechos que como propietarios le habrían de asistir a Falcón y a Ortiz, incluyendo el derecho de accesión. Pero al no probar su título, resultaba improcedente ordenar el desalojo de Canals de la propiedad, que era el fin último perseguido en dicho pleito. En el caso segundo, DAC1999-0362, se intenta relitigar lo que ya fue adjudicado en el pleito DPE93-0257. En este último caso, Falcón y García, éstos, como sucesores en interés de Ortiz, intentan nuevamente que se les declare dueños de los solares en controversia, en contra de Canals, invocando los mismos argumentos ya ventilados en el pleito anterior. La doctrina española ha señalado que el artículo 280 del Código Civil, supra, se refiere no sólo a la acción propiamente reivindicatoría, sino también a la declarativa y a todas aquellas que "sin tener en la ley una reglamentación específica, van dirigidas, ya a la inicial afirmación del derecho de propiedad, cuanto a fijar materialmente el objeto sobre el que éste recae y a hacer efectivos los derechos de gozar y disponer, que constituyen la esencia del dominio, eliminando cuantos actos materiales o jurídicos se realicen contra la afirmación del derecho o contra su efectividad práctica". Puig Brutau, supra, a la pág. 46. Lo antes dicho, significa que cualquier acción en la cual una persona intente ser declarado dueño de una propiedad, debe ser tratada como una acción reivindicatoría en la cual luego se podrían adjudicar los derechos paralelos que le asisten, como lo es el que un mero detentador desaloje la propiedad. De esta forma, cualquier acción posterior que pudiera conllevar una determinación similar a favor de Ortiz y Falcón, está embebida en la primera. Se trata, pues, de la misma causa de acción y el mismo asunto, invocado en dos pleitos diferentes entre las mismas partes. Decimos las mismas partes, ya que García se colocó en la misma posición en la que Ortiz estaba en el pleito anterior. García se convirtió en sucesor en los intereses de Ortiz al adquirir los mismos mediante compraventa. En este sentido, García y Ortiz están litigando la misma cosa, bajo el mismo título y carácter en ambos pleitos: el dominio de los solares en disputa. En ambos casos, los involucrados litigan en la misma calidad porque, aunque físicamente los demandantes son personas distintas, desde el punto de vista jurídico de lo que persiguen, es lo mismo que le fue denegado en el previo caso número DPE93-0257. De hecho, están utilizando hasta los mismos argumentos. Además, se debe recordar que la doctrina de cosa juzgada impide relitigar, no sólo lo que se litigó, sino, también, lo que se pudo haber litigado entre las mismas partes y sobre la misma causa de acción en el pleito anterior. Mercado Riera, supra, 100 D.P.R._, a la pág. 950.
V
Por los fundamentos antes expuestos, procedemos a expedir el auto solicitado, revocar la Sentencia recurrida y desestimar la demanda presentada en el caso DAC1999-0362, ya que lo adjudicado en el caso DPE93-0257 constituye lo mismo que se pretende relitigar en el segundo caso, DAC1999-0362. Tal relitigación está prohibida bajo la doctrina de res judicata-, o sea, cosa juzgada.
Notifíquese a las partes lo dispositivo por vía telefónica e inmediatamente notificar la Sentencia por la vía ordinaria.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulau
Secretaria General
*627 ESCOLIOS 2001 DTA 14
1. Las Reglas 14.1 y 14.2. de Procedimiento Civil, 32 L.P.R.A. Ap. n, permiten la acumulación de reclamaciones comunes dentro de un mismo pleito.
2. Ello surge de la Sentencia confirmatoria de este Tribunal que fue emitida en el caso KLAN-97-00284 con fecha 14 de diciembre de 1998, a la pág. 5.
3. El que no se hubiera presentado prueba a los efectos de que Canals sí era el propietario de dichos solares, lo único que hace es dejar la puerta abierta para que sea éste el que inicie la acción correspondiente para probar su titularidad o para adquirir título contra toda persona que se oponga a su derecho, siempre que no fuesen Ortiz y Falcón o sus sucesores. Eso fue lo que se quiso decir en la última oración de la sentencia emitida por este Tribunal en el caso KLAN-97-00284.
4. Decimos sucesor, en interés a los efectos de la aplicación de la doctrina de cosa juzgada, aunque al haberse decidido que Ortiz no era titular de los solares en controversia, ningún derecho pudo transmitir a García.