# 2000 DTA 109

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II - BAYAMON**

ESTHER COTTO VILLEGAS
Demandante-Apelante

v.

ESPERANZA CALDERON Y OTROS, ET. AL.
Demandadas-Apeladas

Núm. KLAN-99-00829

Panel integrado por su presidente, el Juez Sánchez Martínez,
la Jueza Ramos Buonomo y la Jueza Cotto Vives

Cotto Vives, Jueza Ponente

San Juan, Puerto Rico, a 29 de febrero de 2000

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Esther Cotto Villegas solicita que revisemos una sentencia sumaria parcial dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 7 de abril de 1999, la cual declaró sin lugar una demanda en solicitud de sentencia declaratoria, *injunction* provisional y daños y perjuicios presentada por la apelante, Sra. Cotto Villegas, contra la Sra. Esperanza Calderón, *et. al.*, y declaró con lugar la moción de sentencia sumaria presentada por la apelada, Sra. Esperanza Calderón.

En el recurso de apelación, la Sra. Cotto Villegas alega, entre otras cosas, que erró el Tribunal de Primera Instancia al resolver que procedía dictar sentencia sumaria parcial a favor de la apelada y desestimar la demanda a pesar de la existencia de controversias de hechos esenciales, cuya adjuducación requiere la celebración de un juicio plenario.

Por los fundamentos que pasamos a exponer, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma cónsona a lo aquí dispuesto.

### I

Los hechos esenciales a la controversia ante nos, son como siguen:

La Sra. Esther Cotto Villegas alega ser dueña de una propiedad enclavada sita en el Municipio de Guaynabo y colindante con la finca de la Sra. Esperanza Calderón, *et al.* Aduce la Sra. Cotto Villegas, que el acceso a su propiedad se gana a través de un predio de terreno que sirve como entrada y salida de su finca. En la demanda se alega que, a pesar de que la Sra. Calderón no es dueña de dicho predio de terreno, ha obstaculizado el paso de los camiones que ofrecen el servicio de recogido de basura y ha colocado vallas y objetos con el propósito de impedir la entrada y salida de la Sra. Cotto Villegas.

Debido a que estas actuaciones han tenido el efecto de privar a la Sra. Cotto Villegas del pleno uso y disfrute de su propiedad, ésta presentó una demanda contra la Sra. Esperanza Calderón solicitando sentencia declaratoria, interdicto provisional y daños y perjuicios.

La Sra. Calderón contestó la demanda y reconvino, alegando que el predio de terreno sobre el cual alegadamente recaía la servidumbre de paso era de su propiedad. Expuso que la Sra. Cotto Villegas insiste en obtener paso a través del mismo, impidiéndole, a su vez, el disfrute de su propiedad. Además, le imputa a la Sra. Cotto Villegas, el haber realizado trabajos en el terreno con una máquina, lo cual puso en peligro de desprendimiento su hogar causándole daños y angustias mentales.

Luego de celebrada una vista a la cual comparecieron y tuvieron la oportunidad de expresarse ambas partes, el Tribunal de Primera Instancia desestimó la solicitud de entredicho provisional, convirtió el caso en uno ordinario y realizó una inspección ocular de la propiedad, la cual se efectuó el 11 de mayo de 1998.

Posteriormente, la Sra. Cotto Villegas enmendó la demanda a los fines de solicitar el deslinde de las propiedades en cuestión y, el 28 de agosto de 1998, presentó una moción solicitando auxilio al tribunal debido a que alegadamente la parte apelada había colocado un portón que cerraba totalmente el área de paso en controversia.

Así las cosas, el 29 de octubre de 1998, la Sra. Calderón presentó una moción en solicitud de sentencia sumaria para que el tribunal declarara con lugar la reconvención presentada y sin lugar la demanda. En la misma, básicamente, alegó que era la propiedad de la Sra. Cotto Villegas la que estaba gravada con una servidumbre de paso a favor de su finca y que, además, la finca de dicha apelante no se encontraba enclavada. La Sra. Cotto Villegas se opuso, aduciendo que no procedía el dictar sentencia sumaria debido a que aún existían controversias materiales en cuanto a hechos esenciales, incluyendo la cabida de las fincas en cuestión.

El Tribunal de Primera Instancia celebró una vista en la cual las partes presentaron sus planteamientos en torno a la moción en auxilio de jurisdicción y, el 7 de abril de 1999, declaró con lugar la moción de sentencia sumaria y sin lugar la demanda presentada por la Sra. Cotto Villegas.

De esta determinación, acude ante nos la Sra. Cotto Villegas mediante recurso de apelación alegando que incidió el foro *a quo* al desestimar la demanda sin ordenar el deslinde de las fincas, al dictar sentencia sumaria a pesar de existir controversia de hechos esenciales, y al resolver que la finca de la Sra. Cotto Villegas no está enclavada.

Procedemos a considerar el segundo error imputado por considerarlo fundamental, con cuyo análisis y disposición se hace innecesario entrar en la consideración de los restantes errores señalados al tribunal *a quo*.

## II

La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, permite a un demandado presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. *Soto v. Hotel Caribe Hilton*, 137 D.P.R. ___ (1994), **94 J. T.S. 128.** La parte que solicita la sentencia sumaria en un pleito, tiene la obligación de demostrar, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una sentencia a su favor como cuestión de ley. *Hurtado v. Osuna,* 138 D.P.R. ___ (1995), **95 J.T. S. 98**; *Tello Rivera v. Eastern Air Lines,* 119 D.P.R. 83 (1987).

Por su parte, la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, dispone --en lo que respecta a la moción para que se dicte sentencia sumaria y el procedimiento a seguir-- lo siguiente:

*"La moción se notificará a la parte contraria con no menos de diez (10) días de anticipación a la fecha señalada para la vista. Con anterioridad al día de la vista, la parte contraria podrá notificar contradeclaraciones juradas. La sentencia solicitada se dictará inmediatamente si las alegaciones. deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Podrá dictarse sentencia sumaria naturaleza interlocutoria resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito."* (Énfasis suplido.)

Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud y pueden y deben considerar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P. R. 272 (1990).

Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. ___ (1994), **94 J.T.S. 116.**

Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan

con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. *PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*

Cuando existe controversia en relación con los hechos esenciales, no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. *Bonilla Medina v. P.N.P.,* 140 D.P.R. ___ (1996), **96 J.T.S. 33**; *Cuadrado Lugo v. Santiago Rodríguez, supra.*

En el caso de epígrafe es evidente la existencia de controversias en relación con aspectos medulares en el litigio. La Sra. Cotto Villegas enmendó la demanda original a los efectos de solicitar el deslinde de su propiedad, ya que alegadamente tenía razones para creer que la parte apelada, Sra. Calderón, había movido los puntos de colindancia entre ambas fincas. De otro lado, mediante la escritura número Doce (12) otorgada ante el notario Jorge Cátala Monge el 14 de agosto de 1985, se hace constar que la Sra. Calderón adquirió la propiedad en cuestión, y se describe dicha propiedad con una cabida de *"media (1/2) cuerda más o menos"* y no describe con exactitud sus colindancias. Véase, pág. 76 del Apéndice del Escrito de Apelación.

De esta manera, y debido a que la cabida de la propiedad de la Sra. Calderón no surge claramente de la escritura de compraventa, la Sra. Cotto Villegas ejerció el derecho al deslinde de su propiedad que el Art. 319 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1211, reconoce a todo propietario. *Arce v. Díaz,* 77 D.P.R. 624 (1954); *Zayas Pizarro v. Autoridad de Tierras de Puerto Rico,* 73 D.P.R. 897 (1952).

La controversia en cuanto a la cabida de ambas propiedades debió dilucidarse en un juicio plenario, donde, luego del correspondiente desfile de prueba, el Tribunal emita su determinación. El propio tribunal apelado expresó, en la sentencia sumaria parcial emitida, que existen irregularidades que se desprenden del plano de mensura de la propiedad que sometió la parte apelante y de las referidas escrituras. Véase, pág. 16 del Apéndice del Alegato en Oposición a la Apelación. Para estos propósitos, destacamos la conveniencia de que el tribunal apelado nombre un perito del tribunal para que le asista en los aspectos técnicos de la controversia, como lo serían la mensura de las fincas y el deslinde de éstas. Esta facultad inherente que posee todo tribunal de compeler la citación de testigos periciales ajenos a los de las partes, con sujeción a aquellas condiciones que discrecionalmente considere apropiadas --incluyendo el disponer su compensación por uno o ambos litigantes-- está ampliamente reconocida. *Urrutia v. Autoridad de Acueductos y Alcantarillados,* 103 D.P.R. 643 (1975).

Recapitulando, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y cuidadoso, ya que por tratarse de un remedio discrecional, de no utilizarse adecuadamente, podría despojar a un litigante de *"su día en corte"*, principio básico del debido proceso de ley. Hay controversias que por su naturaleza compleja o de sumo interés público no es aconsejable resolverlas mediante una sentencia sumariamente dictada, en vista de que difícilmente en tales casos el tribunal puede reunir ante sí toda la verdad de los hechos a través de declaraciones juradas o deposiciones.

Por esta razón, su uso procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714 (1986); *Roth v. Lugo,* 87 D.P.R. 386 (1963).

De otra parte, al presentarse una moción de sentencia sumaria por insuficiencia de la prueba, como en el caso de autos, la parte promovente tiene el peso afirmativo de demostrar que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea que ha explorado concienzudamente la posibilidad de la existencia de evidencia admisible. Esto significa que tiene que poner al tribunal en posición de evaluar la adecuacidad del descubrimiento de prueba que se realizó. Una simple alegación en la cual se concluya que no existe evidencia suficiente para probar el caso, no basta para apoyar una moción de sentencia sumaria de esta naturaleza. Tampoco se considerará adecuado el descubrimiento de prueba cuando un análisis

de los documentos sometidos con la moción, con la oposición y aquellos que constan en el récord, refleje que la parte promovente ha dejado de auscultar alguna información que le pudiera haber conducido a obtener prueba admisible. *Medina v. M. S. & D. Química de P.R., Inc.,* 135 D.P.R. ___ (1994), **94 J.T.S. 52.**

La parte apelada expresa en su alegato en oposición a la apelación que la Sra. Cotto Villegas no controvirtió ninguno de los hechos presentados por la parte demandada-apelada en su moción, cruzándose de brazos y descansando únicamente en lo expuesto en las alegaciones de su demanda, sin cumplir con su obligación de demostrar que tenía prueba para sustanciar sus alegaciones. No le asiste la razón a la Sra. Calderón a este respecto, ya que en numerosas ocasiones la apelante expresó su deseo de presentar como testigos a los vecinos de las respectivas fincas con el propósito de establecer su derecho a la servidumbre de paso. Además, la apelada tampoco demostró que la fase de descubrimiento de prueba fue adecuada. En otras palabras, para que se pueda dictar sentencia sumaria por insuficiencia de la prueba, el promovente tiene que persuadir al tribunal de que no es necesario celebrar una vista evidenciaria; que el promovido no cuenta con prueba suficiente para probar un hecho esencial; y que, como cuestión de derecho, procede que se desestime la reclamación. *Medina v. M. S. & D. Química de P.R., Inc., supra.*

Nuestro Tribunal Supremo ha establecido que el propósito principal de la moción de sentencia sumaria, según dispone la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, es propiciar la solución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio en su fondo. *Pilot Life Ins. Co. v. Crespo Martínez,* 136 D.P.R. ___ (1994), **94 J.T.S. 104.**

Por los fundamentos expuestos anteriormente, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para que continúe los procedimientos de conformidad con lo aquí dispuesto.

Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General