# 2001 DTA 118

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE BAYAMON, PANEL II**

JOSE ANGEL TORRES RIVERA Y LOURDES ORTIZ DIAZ, ET ALS
Apelados

v.

NATIVIDAD RODRIGUEZ ALICEA Y ROSA M. CRUZ, ET ALS
Apelantes

Núm. KLAN-00-00023

San Juan, Puerto Rico, a 9 de febrero de 2001

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Hernández Torres

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Oportunamente, se nos solicitó la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en un caso de sentencia declaratoria y deslinde. Revocamos dicha sentencia por los fundamentos que expresamos a continuación.

### I

Una síntesis de los hechos del presente caso revelan que para el 3 de julio de 1995, José Angel Torres Rivera ("*Torres*"), su esposa Lourdes Ortiz ("*Ortiz*") y José Daniel Ortiz Muñoz ("*Ortiz Muñoz*"), su esposa Carmen Delia Díaz Sáez ("*Díaz*") radicaron una demanda sobre Sentencia Declaratoria y Deslinde contra Natividad Rodríguez ("*Rodríguez*"), Rosa M. Cruz ("*Cruz*"), Municipio de Naranjito, Estado Libre Asociado y Administración de Reglamentos y Permisos ("*ARPE*") para que se declare que Torres y Ortiz son dueños en pleno dominio y están en posesión de su solar de 1,000 metros y tienen derecho a entrar a su finca mediante un camino de uso público al norte de su propiedad.

La finca perteneciente a Torres y Ortiz es el resultado de una segregación de la finca correspondiente a Muñoz y Díaz, la cual consta inscrita en el Registro de la Propiedad mediante Expediente de Dominio según consta de la Resolución del 20 de diciembre de 1963, en la cual testificaron Rodríguez, don Manuel Rodríguez y el peticionario Ortiz Muñoz. La misma se describe a continuación:

*"RUSTICA: Predio de terreno radicado en el BARRIO ANONES, dentro del término municipal de*

*Naranjito, Puerto Rico, compuesto de CUATRO CUERDAS (4.000 cdas.) equivalentes, a Una Hectárea, Cincuenta y Siete áreas y Ventiuna centiáreas, en lindes por el NORTE, con terrenos de Severo Colón; por el SUR con Juan Tellado; por el ESTE, con Epifanio Nieves y por el OESTE con Manuel Rodríguez."* ■

La segregación del solar de 1,000 metros ■ y compraventa por Torres y Ortiz consta mediante la escritura #121 del 3 de septiembre de 1994 ante el notario Freddíe Marcelo Díaz Maldonado y con la correspondiente aprobación de ARPE # 92-42-492-BPLS.

*"PARCELA NUMERO UNO (1). RUSTICA: Predio de terreno radicado en el Barrio Anones del término Municipal de Naranjito, Puerto Rico, con una cabida superficial de MIL METROS CUADRADOS (1,000 m.c.) equivalentes a CERO PUNTO VEINTICINCO CUARENTA Y CUATRO TRES CUERDAS (0.25443 cdas.) y en lindes por el Norte, con camino municipal; por el Sur, Este y Oeste, con el remanente de la finca principal de la cual se segrega."*

En el solar de 1,000 metros se quiere construir una casa de vivienda y Rodríguez no ha permitido hacer una entrada por el Norte colindando con un camino pavimentado. Rodríguez justificó tal acción al indicar que los puntos en la colindancia ESTE de su propiedad ■ y la colindancia OESTE, de la propiedad de los demandantes, están confundidos, por lo que interesa realizar un deslinde para clarificar los puntos entre las propiedades.

Los demandantes, a su vez, indicaron que existe un camino de ESTE a OESTE denominado Camino Villa Polilla dedicado a uso público, el cual tiene una extensión de más de dos kilómetros de pavimento asfaltado y discurre a través de distintas fincas, las cuales incluyen la Sucesión Herminio Ortiz, Sucesión Severo Colón, Sucesión Jesús Izcoa Moure, Natividad Rodríguez y Epifanio Nieves. Indicaron que el Camino Villa Polilla ha sido usado ininterrumpidamente por varias familias del sector para ir y venir a sus respectivos trabajos y otras necesidades, además, de ser usado por ambulancias, carros de bomberos, vehículos de la Autoridad de Energía Eléctrica, Autoridad de Acueductos y Alcantarillado, Compañía Telefónica y otras instrumentalidades del gobierno. Se indicó que el Municipio de Naranjito, le ha dado mantenimiento al mismo, y ARPE ha reconocido ese camino como uno de uso público a través de las diferentes lotificaciones.

Por lo que la controversia entre las partes consiste en establecer los puntos de colindancias de las distintas fincas poseídas por las partes y, a su vez, determinar si el alegado camino es de uso público.

El Municipio de Naranjito compareció indicando que ha dado mantenimiento al camino ramal de la carretera 813 del Sector Villa Polilla. Posteriormente, los demandantes solicitaron la desestimación en cuanto al Municipio de Naranjito y la misma fue declarada con lugar el 7 de abril de 1997. Anteriormente, éstos habían desistido voluntariamente su reclamación contra el Estado Libre Asociado, el Departamento de Justicia y ARPE quedando como demandados Rodríguez y Cruz.

Así, las cosas el Tribunal de Primera Instancia celebró varias vistas para dilucidar la controversia y practicó una inspección ocular del sector. Con respecto a las colindancias en controversia, el tribunal determinó que el punto ESTE entre las fincas corresponde al área donde situaba una palma que destruyó un rayo y en su lugar se instaló un hito de hormigón. De este hito de hormigón, iba en línea recta hasta la colindancia OESTE de la finca perteneciente a Ortiz Muñoz que divide la finca de Rodríguez a *"un pomarrosa que estuvo frente al recodo de la Quebrada Anones; ese pomarrosa se destruyó en una tormenta y en su lugar se puso un tubo galvanizado"* y adoptó el Tribunal de Primera Instancia el plano preparado por el Ingeniero Anselmo Pizarro (*"Ing. Pizarro"*) para demostrar los puntos en la colindancia OESTE de la propiedad de Ortiz Muñoz y Díaz y la colindancia ESTE, de la propiedad de Rodríguez y Cruz.

Con relación a la polémica del Camino Villa Polilla, el tribunal determinó que es un camino público desde la carretera 813 k.m. 5.2 hasta el patio frontal de la casa de Rodríguez.

Posterior a la sentencia apelada, Rodríguez radicó una *"Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derecho Adicionales"*. El Tribunal de Primera Instancia ordenó que se hiciera una lista de las determinaciones de hechos que no se incluyeron en la sentencia. Rodríguez cumplió con esta orden y en definitiva, el Tribunal de Primera Instancia aprobó algunas de estas determinaciones de hechos y no aprobó las conclusiones de derecho solicitadas. El 17 de diciembre, se solicitó por Rodríguez que se clarificara cuales determinaciones fueron aprobadas en un escrito titulado *"Moción Urgentísima en Solicitud de Aclaración a Resolución"*. El Tribunal de Primera instancia aclaró las determinaciones de hechos aprobadas en una notificación con fecha del 31 de enero de 2000 al indicar: *"Se aprueban determinaciones de hechos 1, 2, 3, 7, 9, 11, 12 y 13. No se aprueban 4, 5, 6, 8, 10. Se declara sin lugar conclusiones de derecho adicionales."*

De una revisión de las determinaciones de hechos según solicitado en la *"Moción en Cumplimiento de Orden"* de 17 de septiembre de 1999, se aprobaron las siguientes determinaciones de hechos por el Tribunal de Primera Instancia:

*"1. Todos los testigos y documentos presentados declararon y demuestran que el punto ESTE de la colindancia en controversia es un Hito de Hormigón, localizado al lado del camino.*

*2. Don Arcadio Figueroa, testigo de la parte demandante y a quien el Tribunal dio entero crédito y veracidad, declaró que el punto OESTE de la colindancia ESTA DONDE HAY UN POMARROSO, UN ARBOL DE POMARROSA QUE ESTA ALLI EN LA QUEBRADA.*

*3. Testimonio derivado del contrainterrogatorio del Ing. Anselmo Pizarro quien testificó que "...LOS PUNTOS SE PROLONGAN Y SALEN AL PUNTO DEL POMO QUE ME DIERON LOS QUE CONOCEN DE ESO.*

. . .

*7. En lo que declaró el Ing. Héctor Concepción Febus, quien testificó que los demandados y todos sus testigos le dijeron que el punto OESTE era un árbol de Pomarrosa que está al lado de un tocón de chino, el cual le señalaron.*

*9. Que ninguno de los testigos presentados por la parte demandante, declararon que tienen documentos para demostrar que el predio de camino existente dentro de la finca de los codemandados, es de uso público.*

*11. Que todos los testigos de la parte demandante declararon que ninguno de los residentes del Sector Villa la Polilla, excepto los codemandados RODRIGUEZ-CRUZ y sus familias, tienen que transitar por el camino en controversia para salir o entrar en sus casas.*

*12. Que todos los testigos de la parte demandada, declararon que los únicos que utilizan el camino en controversia para entrar o salir de sus casas son los codemandados RODRIGUEZ-CRUZ y sus familias.*

*13. Que ninguno de los documentos presentados como EXHIBITS O IDENTIFICACIONES indican o demuestran que los codemandados RODRIGUEZ-CRUZ le cedieron, donaron o vendieron al Municipio de Naranjito el predio de camino en controversia y que tampoco existen documentos que demuestren que el Municipio de Naranjito le expropió a los codemandados RODRIGUEZ-CRUZ el referido predio de camino existente dentro de su finca."*

Rodríguez nos señaló que el Tribunal de Primera Instancia incidió en errores de hechos relacionados a la prueba y en error de derecho al incautar la propiedad de Rodríguez sin el debido proceso de ley y al no darle credibilidad a prueba estipulada y admitida en evidencia. En cuanto a los errores señalados, entendemos que le asiste la razón. Veamos.

## II

Este caso consiste en una acción de deslinde regulada por nuestro Código Civil:

*"Todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes.*

*La misma facultad corresponderá a los que tengan derechos reales."* 31 L.P.R.A. sec. 1211.

Estas acciones de deslinde se otorgan a todo propietario cuya propiedad limítrofe tenga confundidos sus linderos, y es una acción de naturaleza imprescriptible. *Arce v. Díaz*, 77 D.P.R. 624, 627-628 (1954). Un procedimiento de esta naturaleza se inicia con el propósito de demarcar los límites de fincas contiguas. La sentencia que en el mismo se dicta, ni quita, ni da derechos. *Zayas v. Autoridad de Tierras*, 73 D.P.R. 897, 901 (1952).

En reiteradas ocasiones, el Tribunal Supremo ha expresado que en cuanto a las determinaciones de hechos y adjudicación de credibilidad de un Tribunal de Primera Instancia, como norma general, no se intervendrán con éstas en ausencia de error manifiesto, pasión, prejuicio o parcialidad. *Meléndez Vega v. Caribbean International News*, __ D.P.R. __ (2000), **2000 J.T.S. 108**, a la pág. 1402; *Benítez Guzmán v. García Merced*, 126 D.P.R. 302, 308 (1990); *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172, 181 (1985); *Pérez Cruz v. Hosp. Concepción*, 115 D.P.R. 721, 728 (1984). Sin embargo, en el caso ante nos, al examinar la transcripción de las vistas realizadas por el Tribunal de Primera Instancia los días 16, 17, 28 y 29 de diciembre de 1998, surge claramente que el foro *a quo* erró en sus determinaciones de hechos con relación a las controversias en el caso de autos. Estos errores fueron sustancialmente enmendados al adoptar las conclusiones de hechos según notificadas el 31 de enero de 2000, en las cuales surge claramente, que el punto de colindancia entre las fincas en controversia queda limitado por el ESTE por un hito de hormigón, localizado al lado del camino, y por el OESTE, hasta donde hay un pomarrosa en la quebrada al lado de un tronco de chino. Por lo que el plano presentado por el Ing. Pizarro (Exhibit 16, Ap. Apelante E-18.), señala incorrectamente como punto OESTE un tubo galvanizado que no corresponde a la ubicación del pomarrosa al lado del tronco de chino y tampoco indica en el plano la localización del verdadero punto OESTE de la colindancia entre las dos fincas.

Por otra parte, con relación a la determinación del camino Villa Polilla como un camino de uso público, debemos examinar lo siguiente. Para el 21 de agosto de 1989 la Sucesión de la Sra. Antonia Rodríguez Roque (*"Suc. Rodríguez Roque"*) adquirió la autorización por ARPE (#88-42-A-428-BPL; Ap. Apelado H-70) para la segregación en diez lotes ■ de una finca con cabida original de 7.4496 cuerdas. La autorización fue condicionada a la segregación de dos fajas de terreno con cabidas respectivas de 3,253.8567 y 398.815 metros cuadrados, las cuales serían dedicadas única y exclusivamente para uso público y las cuales serían cedidas mediante escritura pública al Municipio de Naranjito previa inscripción de los lotes segregados. ■ El camino público constituido por la segregación de la finca de la Suc. Rodríguez Roque y aprobación de ARPE, es, como bien señaló el foro *a quo* una servidumbre legal impuesta por el Estado en interés público. Al observar el plano de mensura de la finca de la Suc. Rodríguez Roque (Exhibit 11), nos percatamos que en el mismo se incluye la finca de Rodríguez como una finca independiente que colinda con la faja de terreno destinada a camino de uso público, por lo que es imprescindible y necesario establecer que dicha faja es el camino público reconocido por ARPE y que en ningún momento constituyó parte de la finca del señor Rodríguez. Por el contrario, el camino público, según el referido plano, finaliza en la entrada a la finca de Rodríguez. Ahora bien, al estudiar el plano (Exhibit 16, Ap. Apelante E-18) sometido por el Ing. Pizarro, podemos observar que después del punto donde termina el camino público, según se reconoce en la segregación #88-42-A-428-BPL, existe un camino en el interior de la finca propiedad de Rodríguez, el cual no es parte del camino público de la segregación de la finca de la Suc. Rodríguez Roque. No se ha cedido al Municipio y tampoco ha sido expropiado por el Municipio de Naranjito o por el Estado Libre Asociado de Puerto Rico, por lo que es forzoso concluir que dicho camino es parte de la propiedad privada de Rodríguez.

**138**

El 22 de diciembre de 1988, el Alcalde Interino del Municipio de Naranjito expidió una certificación que dice "*que el camino que se origina en la ramal de la carretera 813 que va hacia el Barrio Palomas y que se dirige al Sector Villa Polilla del Bo. Anones donde ubica la finca de la Sucesión Antonia Rodríguez, se ha reconocido un camino municipal al que este Municipio da mantenimiento.*" Claro está, dicha certificación corresponde al camino producto de la segregación de la Suc. Rodríguez Roque, pero esa certificación no puede, de forma alguna, servir para expropiar la propiedad de Rodríguez.

## III

Concluir, como lo hizo el foro *a quo,* que el camino existente dentro de la finca de Rodríguez es uno de uso público, porque ha existido desde tiempo inmemorial y el Municipio le da mantenimiento con fondos públicos, es un error de derecho.

Las servidumbres de paso están reconocidas en el Art. 500 del Código Civil, 31 L.P.R.A. sec. 1731, que dispone en lo pertinente:

"*El propietario de una finca o heredad enclavada entre otras ajenas y sin salida a camino público, tiene derecho a exigir paso por las heredades vecinas, previa la correspondiente indemnización.*"

Además, la servidumbre de paso debe darse por el punto menos perjudicial de predio sirviente, y en cuanto fuere conciliable con esta regla, por donde sea menor la distancia del predio dominante al camino público. Art. 501 del Código Civil, 31 L.P.R.A. sec. 1732. También contempla nuestro código que si la finca fue adquirida por venta, permuta o partición, y quedare enclavada entre otras del vendedor, permutante o copartícipe, éstos están obligados a dar paso sin indemnización, salvo pacto en contrario. Art. 503 del Código Civil, 31 L.P.R.A. sec. 1734.

Para que el Tribunal de Primera Instancia concluyera que el camino es de uso público porque existió desde tiempo inmemorial, es necesario que se probara por vía de excepción que el uso empezó con anterioridad al 31 de julio de 1889, fecha en que se hizo extensiva, por Real Decreto, la vigencia del Código Civil Español a Puerto Rico, de tal modo que sea posible adquirir la servidumbre de paso por prescripción. *Figueroa v. Guerra Mondragón*, 69 D.P.R. 607, 610-611 (1949). No basta probar el uso con anterioridad al 1889, sino que debe demostrarse que nadie recuerde cuándo empezó dicho uso. En el caso de autos no se cumplió con las circunstancias necesarias para establecer la adquisición por tiempo inmemorial y tampoco surge de los documentos o testimonios presentados que Rodríguez vendiera, cediera o donare al Municipio de Naranjito, el predio de camino ubicado en su finca, por lo que la servidumbre de paso tampoco se adquirió por título. A estos efectos, nuestro más alto foro ha destacado que "*el paso inexorable del tiempo, ha convertido a la prescripción de servidumbres discontinuas por posesión desde tiempo inmemorial en una figura virtualmente anacrónica y relegada a los anales de la Historia del Derecho.*" *La Sociedad Legal de Gananciales v. Municipio de Aguada*, D.P.R. (17 noviembre 1997), **97 J.T.S. 133**, a la pág. 161.

## IV

Por otra parte, la prestación de servicio de pavimentación por parte del Municipio no convierte el camino ubicado en la finca de Rodríguez en uno de uso público. A tenor con la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4054 (o), el Municipio tiene la facultad de:

"*(o) Proveer servicios o facilidades a familias de ingresos moderados para la construcción, pavimentación, o habilitación de una entrada o acceso a sus viviendas desde un camino, carretera, zanguán, callejón, acera, paseo o cualquier otra vía pública, sujeto a que las leyes y reglamentos aplicables, o a que cualquier servidumbre de paso debidamente constituida, permitan tal entrada o acceso. Los requisitos, procedimientos y normas para la solicitud y concesión de los servicios autorizados en este inciso, se establecerán mediante ordenanza.*"

En relación a este aspecto, el Municipio emitió la Ordenanza Núm. 5 de 5 de agosto de 1994, donde faculta al municipio construir, habilitar, o pavimentar gratuitamente, siempre y cuando los recursos de personal, equipo y fondos así lo permitan, las entradas o caminos de acceso hasta las viviendas de familias de ingresos moderados siguiendo unas disposiciones a esos efectos. Se permite programar la pavimentación de los caminos de acuerdo al programa de reconstrucción y pavimentación del municipio. En ningún momento se transforma la naturaleza privativa del camino a uno de uso público por el servicio de pavimentación que ofrece el Municipio.

## V

Por los fundamentos antes expresados, se revoca la Sentencia emitida por el Tribunal de Primera Instancia. Se establece como punto de colindancia por el ESTE, un hito de hormigón, localizado al lado del camino, y por el OESTE, corresponde a la localización de un pomarrosa al lado de un tronco de chino. Además, se concluye que el camino público es aquél que consta en la segregación de la finca de la Suc. Rodríguez Roque (88-42-A-428-BPL) y el mismo termina en la entrada de la finca de Rodríguez.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2001 DTA 118

**1.** Esta descripción corresponde a la finca, antes de la mencionada segregación. Una vez la misma fue efectuada, la descripción correspondiente es la siguiente:

*"RUSTICA: Predio de terreno radicado en el Barrio Anones del término Municipal de Naranjito, Puerto Rico, con una cabida superficial de TRES PUNTO SETENTA Y CUATRO CINCUENTA Y CINCO SIETE CUERDAS (3.74557 edas.) equivalentes a CATORCE MIL SETECIENTOS VEINTIUNO PUNTO QUINIENTOS OCHENTA Y DOS METROS CUADRADOS (14,721.582 m.c.) y en lindes por el Norte, con Severo Colón y parcela segregada en esta escritura; por el Sur, con Juan Tellado; por el Este, con Epifanío Nieves, y por el Oeste, con Manuel Rodríguez y parcela segregada."*

**2.** Se segregó de la finca perteneciente a Ortiz Muñoz y Díaz.

**3.** Posee una propiedad no inscrita adquirida de Manuel Rodríguez Roque mediante Escritura Pública #122 el 26 de abril de 1974 ante el notario Freddie Marcelo Díaz Maldonado y que se describe a continuación:

*"RUSTICA: Predio de terreno radicado en el Barrio Anones de Naranjito, Puerto Rico, con una cabida superficial de cinco cuerdas y sesenta y cinco céntimos de otra, en lindes por el Norte, Don Jacinto Rodríguez Roque, al Este, con Carmen Rodríguez, antes, hoy Guzmán Ortiz, al Sur, con Sucesión de Nicolás Rivera, antes, hoy José Daniel Ortiz, y al Oeste, con Manuel Rodríguez Roque."*

**4. LOTES** CABIDAS EN METROS CUADRADOS

| LOTES | CABIDAS EN METROS CUADRADOS |
|---|---|
| 1 | 2,195.086 |
| 2 | 2,207.537 |
| 3 | 2,379.33 |
| 4 | 867.87 |
| 5 | 3,671.722 |
| 6 | 1,512.94 |
| 7 | 3,923.379 |

| | |
|---|---|
| 8 | 2,931.806 |
| 9 | 2,959.22 |
| 10 | 2,978.14 |

TOTAL 25,627.03

**5.** La ordenanza Núm. 2 del 12 de julio de 1991 del Municipio Autónomo de Naranjito autoriza al Alcalde a que a nombre del Municipio de Naranjito reciba, mediante escritura pública, la franja de terreno destinada a uso público como una cesión o donación o cuando así sea exigido por ARPE para la segregación de terrenos en la jurisdicción del Municipio de Naranjito.