Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JULIO ÁNGEL MELÉNDEZ PAGÁN<br><br>Demandante Apelado<br><br>v.<br><br>RICARDA ROSARIO SANTIAGO Y OTROS<br><br>Demandada Apelante | KLAN202500281 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ciales<br><br>Civil Núm.: MV2022CV00102<br><br>Sobre: Acción de Deslinde y Reivindicatoria |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa y la Jueza Álvarez Esnard.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece la señora Ricarda Rosario Santiago, la señora Isabel Torres Rosario, la señora Irma Luz Torres Rosario, la señora Zoraida Torres Rosario, la señora Jessica Lynn Torres Torres, el señor Caleb Alexander Torres Torres y la señora Natalie Ann Torres Torres (conjuntamente "apelantes") mediante recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Ciales, emitida el 12 de febrero de 2025. En dicho dictamen, se declaró ha lugar una acción reivindicatoria y se desestimó una reconvención. Por los fundamentos que expresaremos, confirmamos la *Sentencia* recurrida.

---

[1] De conformidad con la OATA-2024-079 se modificó la integración del Panel en el recurso de epígrafe.

Número Identificador

SEN2025 _____

En síntesis, el caso de epígrafe trata de una demanda por acción de deslinde y reivindicatoria. Según el expediente, el 30 de noviembre de 2021 el señor Julio Ángel Meléndez Pagán (señor Meléndez Pagán o apelado) se convirtió en titular del veintitrés puntos ochenta dieciséis (23.8016%) por ciento de la Finca Núm. 12,178 mediante la Escritura Núm. Sesenta y Cinco (65) de Compraventa de Participación. El resto de la propiedad le pertenece a la señora María Engracia Torres Collazo (señora Torres Collazo), quien antes del 3 de febrero de 2001 era dueña privativa en pleno dominio de la Finca Núm. 12,178. De su parte, la señora Rosario Santiago y la sucesión del señor Ismael Torres Collazo—es decir, la totalidad de los apelantes—son dueños de la Finca Núm. 12,576, cual colinda con la Finca Núm. 12,178.

Posteriormente, el señor Meléndez Pagán presentó una demanda y una demanda enmendada contra la señora Rosario Santiago y alegó que ésta no ha respetado la demarcación clara entre las dos fincas y se ha apoderado de parte del predio del recurrido mediante la creación de una entrada y la colocación de pertenencias suyas, con la pretensión de ejercer actos de dominio sobre un pedazo de terreno de aproximadamente tres (3 m.) metros de ancho por veinticinco (25 m.) metros de largo en el lindero noreste de la propiedad del apelado. Ante ello, solicitó el que se reestablezcan las colindancias y se le retorne la faja de terreno de su propiedad que se encuentra siendo ocupada por la apelante.

En su respuesta a la demanda y la demanda enmendada, más reconvención, los apelantes argumentaron que el camino de paso objeto de la demanda constituye una servidumbre de paso que lleva allí en uso ininterrumpido por más de cuarenta (40) años y, por tanto, se acumula

una acción confesoria de derecho de servidumbre al amparo del Art. 970 del Código Civil de 2020, 31 LPRA sec. 8571. Asimismo, el 16 de enero de 2023, la señora Torres Collazo explicó mediante declaración jurada que autorizó a la señora Rosario Santiago y al fallecido señor Ismael Torres Collazo utilizar el predio en controversia y que permite a dicha señora Rosario Santiago y los herederos del señor Ismael Torres Collazo continuar usando el camino. Esto, a pesar de un informe de mensura preparado por un ingeniero civil confirmar que el camino objeto de la demanda pertenece al señor Meléndez Pagán.

Luego de varios trámites procesales y del Tribunal de Primera Instancia examinar todos los documentos, testigos y el predio en controversia, dicho foro declaró con lugar la acción reivindicatoria y sin lugar a la reconvención de los apelantes, toda vez que las servidumbres de paso solo se pueden adquirir mediante título, el cual no presentaron los apelantes.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el foro primario erró al establecer que no existe justo título ya que hasta la fecha de hoy dicho título existe a raíz del acuerdo verbal establecido entre la dueña original y los apelantes. La parte apelada no mostró presentó alegato en oposición, aun cuando se le dio la oportunidad.

Vale recordar que la acción reivindicatoria se presenta cuando el propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión. Art. 820 del Código Civil de 2020, 31 LPRA sec. 8101.[2] Para ello, el promovente debe (1) presentar el justo título de propiedad; (2)

---

[2] Por la acción reivindicatoria presentarse luego del Código Civil de 2020 entrar en vigor, se utilizará dicho Código para fundamentar nuestros criterios en cuanto a este derecho.

dirigir la acción contra quien tiene la cosa en su poder; (3) demostrar que el demandado no posee un título que le permita seguir en la posesión; e (4) identificar adecuadamente el objeto. Íd., sec. 8102. Véase, también, *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142 (2006) (citando a Art. 280 del Código Civil de 1930, 31 LPRA ant. sec. 1111; *Pérez Cruz v. Fernández*, 101 DPR 365 (1973); *Arce v. Díaz*, 77 DPR 624 (1954)).

Igualmente, sabiendo que el foro primario deberá examinar la validez o eficacia de los títulos, el demandante estará obligado a (1) probar su título sin descansar exclusivamente en los vicios que tenga el título del promovido; y (2) demostrar que el inmueble que reclama es el mismo que surge de los documentos, títulos y demás medios de evidencia en que basa su pretensión. *Ramírez Quiñones v. Soto Padilla*, *supra* (citando a *Sucn. Meléndez v. Almodóvar*, 70 DPR 527 (1949)). Véase, también, *Castrillo v. Maldonado,* 95 DPR 885 (1968) (citando a J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7.ª ed., Madrid, Ed. Reus, 1952, T. III, pág. 138); *ELA v. Pérez Valdivieso*, 83 DPR 863 (1961); *Velázquez v. Velázquez*, 82 DPR 619 (1961)). En respuesta, le corresponde al demandado señalar y probar su mejor título. *Ramírez Quiñones v. Soto Padilla*, *supra* (citando a *Arce v. Díaz*, *supra*).

A esos efectos, la servidumbre es un gravamen impuesto sobre un inmueble, conocido como el predio sirviente, en beneficio de otro perteneciente a distinto dueño, conocido como el predio dominante. Art. 465 del Código Civil de 1930, 31 LPRA ant. sec. 1631.[3]

---

[3] Por alegarse que el derecho de servidumbre del presente caso nació antes de que el Código Civil de 2020 entrara en vigor, se utilizará el Código Civil del 1930 para fundamentar nuestros criterios en cuanto a este derecho.

Específicamente, las servidumbres reales o prediales son aquellas que disfrutan los propietarios de una finca, constituidas sobre otra propiedad vecina para beneficio de aquélla. Art. 467 del Código Civil de 1930, 31 LPRA ant. sec. 16333. Estas servidumbres reales pueden manifestarse como servidumbres de paso, cuales son de naturaleza discontinua que pueden ser aparentes o no aparentes—es decir, que se utilizan invariablemente a intervalos más o menos largos de tiempo y dependen de los actos del hombre para su aprovechamiento, su existencia y uso pudiendo o no anunciarse mediante un signo exterior. Íd., ant. sec. 1634. *Soc. de Gananciales v. Mun. de Aguada*, 144 DPR 114 (1997). No obstante, la mera existencia de veredas, trillos o caminos irregulares no constituyen un signo aparente. *Soc. de Gananciales v. Mun. de Aguada*, *supra*.

Ahora bien, las servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, sólo podrán adquirirse en virtud de título. Art. 473 y 475 del Código Civil de 1930, 31 LPRA ant. secs. 1651, 1653. Tal título debe entenderse como aquel que legalmente baste para transferir el dominio o derecho real de cuya prescripción se trate, y cuya existencia nunca se presumirá. Íd., ant. secs. 5273-5272. A razón de ello, las servidumbres de paso solo pueden adquirirse mediante título, por lo cual el mero permiso del propietario o su tolerancia de paso no serán suficientes para establecer dichas servidumbres. *Soc. de Gananciales v. Mun. de Aguada*, *supra* (citando a *Martín v. Correa*, 76 DPR 12 (1954)). De faltar el requerido título de las servidumbres que no pueden adquirirse por prescripción, únicamente se podrán suplir por un reconocimiento escrito del dueño del predio sirviente, o por una sentencia firme. Art. 476 del Código Civil de 1930, 31 LPRA ant. sec.

1654. Sin embargo, el propietario de una finca sin salida a camino público tiene derecho a exigir paso por las heredades vecinas, previa la correspondiente indemnización. Íd., ant. sec. 1731.

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al conceder la acción reivindicatoria y restituir al apelado la posesión del terreno en cuestión. Del expediente se desprende que los apelantes nunca presentaron algún título, reconocimiento escrito o sentencia firme que confirmara la existencia de la servidumbre de paso. La autorización verbal de la dueña original y el reconocimiento de ésta años después de cesar su titularidad sobre el predio son insuficientes para probar la existencia de la alegada servidumbre de paso. Por tanto, al amparo de nuestro ordenamiento y la evidencia de titularidad y de cabida de terreno que presentó el apelado, se debe conceder la acción reivindicatoria presentada y desestimar la reconvención.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones