VALENTÍN CASTRILLO, demandante y apelado, *v.* GREGORIO
MALDONADO, demandado y apelante.

*Número:* AP-66-48     *Resuelto:* 29 de marzo de 1968

*Víctor Alberty Ruiz*, abogado del apelante; *Arturo Aponte Parés*, abogado del apelado.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Se trata de la reivindicación de una parcela de 4 cuerdas de terreno, alegadamente situada dentro de la finca de 13 cuerdas del apelado y ocupada por el apelante. Por los fundamentos expuestos a continuación concluimos que la reivindicación solicitada no procede y en tal virtud revocamos la sentencia del tribunal de instancia que declaró con lugar la demanda en este caso y ordenó al apelante a entregar al apelado la referida parcela. La demanda en este caso debe desestimarse.

Alegó en su demanda el apelado ser el dueño de una finca de 13 cuerdas en el Barrio Tomás de Castro de Caguas, inscrita en el Registro de la Propiedad desde el 13 de diciembre de 1911 y que de la misma el apelante detenta y posee una parcela de 4 cuerdas la cual colinda por todos sus lados con la finca del apelado. El apelante negó los hechos y alegó tres defensas afirmativas. Luego de varias suspensiones se pasó la prueba ante el tribunal de instancia. Se admitió en evidencia (1) un plano de las dos fincas en cuestión levantado por el ingeniero civil Víctor Ortiz Muñoz nombrado por el tribunal de instancia de mutuo acuerdo de las partes, para que hiciera una mensura de las fincas, en el cual aparece la cabida de la del apelado como de 10.771 cuerdas mientras que la del apelante aparece con una cabida de 4.042 cuerdas; (2) el mapa para tasadores del Gobierno Estatal de Puerto Rico en el cual se marcó la finca

del apelado; (3) una certificación literal del historial registral de la finca del apelado de la cual no consta segregación alguna de la misma, y copia de la escritura del título de su finca que ostenta el apelado. En relación con la anterior titulación de la referida finca, el apelante presentó copia de una escritura de cancelación de hipoteca otorgada por los esposos Rosado Ribot, antecesores del apelado en el título de la finca, y los esposos Valentín Villafañe, de quien aquellos la compraron, en la cual se estipuló que no estando los vendedores seguros de la cabida de 13 cuerdas de la finca consignada en el Registro, para evitar litigios y gastos de rectificación de la cabida, aceptaban los compradores la cabida que la finca materialmente tuviese sobre el terreno según las colindancias y que si al mensurarla resultare tener menos de 13 cuerdas "la aceptan y renuncian a cualquier derecho que pudieren tener para reclamar la diferencia."

El apelante, además presentó copias de las escrituras de traspasos del título no inscrito de una finca de 5½ cuerdas, la primera de las cuales se otorgó en 4 de junio de 1932 por el propio José López Díaz, quien originalmente inscribió la posesión de la finca del apelado, y la última de 4 de mayo de 1951 por virtud de la cual el apelante adquirió una parcela de 4 cuerdas aproximadamente segregada a esos efectos de la de 5½ cuerdas de Ramón López Díaz que a su vez adquirió la finca de 5½ de Esteban López Vélez y su esposa María Isabel Reyes.

Esteban López Vélez testificó que el apelado tiene una finca en el barrio Tomás de Castro, la cual el testigo conoce por unos 60 años; que las colindancias de esa finca nunca han sido alteradas; que el testigo tiene una propiedad de 5½ cuerdas colindantes con la referida finca hacia el Sur; que de la finca del testigo Ramón López Díaz le vendió una parte al apelante en 1951.

El ingeniero Ortiz Muñoz quien preparó el plano de mensura de las fincas de los contendientes, testificó que citó a

los colindantes; que los puntos señalados en el plano que preparó los indicó Esteban López; que en la configuración occidental de la finca del apelado hay una diferencia entre su plano, y el de tasación pues en el que el testigo preparó, la curva de la carretera pasa por dentro de la finca del apelado y en el de tasación dicha finca colinda con dicha curva; que la colindancia Sur de la finca del apelado aparece en el mapa de tasación como una línea recta y, por el contrario en el suyo "Dista mucho de ser una línea recta, hay una desviación hacia el Norte notable" demostrativo de que la finca del apelado había perdido terreno; que de haber dibujado él la colindancia Sur de la finca del apelado como una línea recta según aparece en el plano de tasación, la finca del apelante hubiera quedado dentro de la del apelado.

El propio apelado testificó que su finca tiene 13 cuerdas; que no le vendió porción alguna de ella al apelante; que le reclamó muchas veces a éste; que el apelante le compró a Esteban López; que ha pagado contribuciones por 13 cuerdas.

El tribunal de instancia concluyó que el apelante detenta la parcela de 4.042 la cual forma parte de la finca de 13 cuerdas del apelado; que el apelante adquirió la porción de terreno que ocupa dentro de la finca del apelado por compra a Ramón López Díaz, persona que no tiene terrenos colindantes con la propiedad del apelado. En tal virtud declaró con lugar la demanda y ordenó al apelante entregar al apelado la propiedad que ocupa dentro de la finca del apelado.

No conforme, el apelante radicó un recurso de apelación en el que alega:

(1) Que la sentencia apelada viola el debido procedimiento de ley y priva al apelante de la igual protección de las leyes y lo despoja ilegalmente de su propiedad.

(2) Que habiendo poseído el apelante por más de 50 años la finca de la cual lo despoja la sentencia apelada, toda vez que dicha posesión ha sido pública, pacífica ininterrumpidamente y con justo título y en concepto de dueño, la sentencia

en cuestión priva al apelante de la protección que le ofrecen los Arts. 1859 y 1860 del Código Civil.

(3) Que la sentencia apelada aumenta ilegalmente la cabida de la finca del apelado y despoja ilegalmente de su propiedad al apelante.

(4) Que la prueba ofrecida por el apelado es a los fines de establecer una acción de deslinde.

(5) Que obra en autos prueba documental al efecto de que la persona que le vendió al apelado estipuló que la cabida de la finca del apelado era de trece (13) cuerdas más o menos, lo que hace constar para evitar litigios y problemas.

En su alegato aduce que: "El Tribunal sentenciador (a) incidió en error [sic] al declarar con lugar la demanda porque la prueba es insuficiente en derecho para sostener las alegaciones de la parte demandante; y (b) cometió error al resolver que el demandado detenta una parcela de terreno de 4.042 cuerdas, y esta sentencia viola el debido procedimiento de ley y priva al demandado de la igual protección de las leyes y lo despoja ilegalmente de su propiedad."

■ Este recurso no plantea una cuestión constitucional sustancial que permita a este Tribunal el ejercicio de su jurisdicción de apelación. No basta apuntar una supuesta cuestión constitucional cuando lo que se plantea, en efecto, es que se incurrió en error en la apreciación de la prueba. No obstante, y conforme al inciso (f) de la Sec. 14 de la Ley Núm. 11 de 24 de julio de 1952 (Ley de la Judicatura—4 L.P.R.A. sec. 37(f)), consideraremos el presente recurso como uno de revisión y resolveremos los planteamientos indicados en sus méritos. *Soltero Peralta v. Srio. de Hacienda*, 86 D.P.R. 26 (1962).

■ En la apreciación de la prueba documental, este Tribunal se halla en las mismas condiciones que el tribunal de instancia, *Central Igualdad, Inc. v. Srio. de Hacienda*, 83 D.P.R. 45 (1961).

Surge de la prueba documental y de los planos, que el apelado es dueño de una finca que, según el Registro tiene una cabida de 13 cuerdas, pero que mensurada por el ingeniero designado por el tribunal de acuerdo con las partes, arroja una cabida de 10.771 cuerdas. Esto se debe a que la configuración y colindancias de la finca, según los puntos que le fueron señalados al ingeniero Ortiz Muñoz por los colindantes, a todos los cuales citó—puntos que él marcó en su plano—demuestran al comparar dicho plano con el de tasación, que las colindancias de la finca del apelado varían no tan sólo por sus colindancias Sur y Oeste sino también por todas las demás, y con tal motivo resulta tener la menor cabida indicada. Esto no es inusitado en este caso pues ya con motivo de la venta de dicha finca a los esposos Rosado Ribot por Valentín Villafañe se anticipó esa menor cabida y se estipuló que aquéllos aceptaban la cabida que la finca tuviese sobre el terreno y que renunciaban a reclamar la diferencia hasta la cabida registral de 13 cuerdas. En cuanto a la cabida de la finca, es más preciso y creíble el plano del ingeniero Ortiz Muñoz pues éste fue designado de mutuo acuerdo de las partes y dicho ingeniero trazó las fincas en su plano luego de identificar todos sus puntos con los colindantes.

Aunque se hubiese trazado la colindancia Sur de la finca del apelado en ese plano como una línea recta, la totalidad de la finca del apelante no aparecería comprendida dentro de la del apelado sino que aparecería comprendida en ésta sólo una pequeña parte de aquélla. El concluir que la finca del apelante queda comprendida en la del apelado no está justificado pues le daría a esta última finca una cabida mayor de la de trece cuerdas registradas no obstante que, según las colindancias de la misma, trazadas en el plano del ingeniero Ortiz Muñoz, la finca claramente ha perdido terreno por sus colindancias Oeste, Este y Norte, al compararse éstas con las que aparecen en el mapa de tasación.

Surge de la prueba documental que el apelante y sus antecesores en título han poseído la finca que se pretende reivindicar durante más de treinta años pacífica e ininterrumpidamente.

■ La prueba aportada no nos convence que el apelado cumpliera su obligación de *señalar, definir* e *identificar cumplidamente* el terreno que pretendía reivindicar. En materia de reivindicación de inmuebles, ha de fijarse *con precisión* su situación, cabida y linderos, y demostrarse durante el juicio que el predio que se reclama es aquel a que se refieren los documentos, títulos y demás medios de prueba en que el actor funde su pretensión. 3 *Comentarios al Código Civil Español*—Manresa 138; *ELA* v. *Pérez Valdivieso*, 83 D.P.R. 863, 877 (1961); *Velázquez* v. *Velázquez*, 82 D.P.R. 619, 631 (1961). El objeto de la reivindicación no es recobrar cualquier cantidad de terreno sino una cantidad específica y determinada, *Sevilla* v. *Cía. Azucarera del Toa*, 69 D.P.R. 249 (1948).

■ En una controversia como la presente, es indudable que los planos, constituyen, por lo menos, parte de la evidencia que puede utilizar un tribunal para restablecer a su verdadera situación los límites de diversos fundos. *Arce* v. *Díaz*, 77 D.P.R. 624 (1954).

■ Sostiene el apelado en su alegato que el título del apelante no es válido y sí radicalmente nulo pues su título de propiedad, de existir alguno, es una segregación de una parcela de menos de 5 cuerdas, sin haber obtenido el permiso de la Hon. Junta de Planificación para dicha segregación, siendo dicha actuación nula. Es cierto que este Tribunal ha sostenido que tal actuación es nula por ser en violación de la ley, *Soto* v. *Feliciano*, 80 D.P.R. 615 (1958). Sin embargo en acciones reivindicatorias los demandantes para salir victoriosos deberán hacerlo basados en la fuerza probatoria de sus títulos y no en la debilidad del título de la parte deman-

dada. Deberán también identificar en debida forma la finca objeto del recurso. *Sucn. Meléndez* v. *Almodóvar*, 70 D.P.R. 527 (1949). En el presente recurso, como ya hemos indicado el apelado no cumplió con estos requisitos.

*En vista de lo expuesto se revocará la sentencia dictada por el Tribunal Superior, Sala de Caguas, en 3 de marzo de 1965, y en su lugar se dictará otra declarando sin lugar la demanda de reivindicación.*