ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **JUAN ANIBAL QUIÑONES BULERÍN**<br><br>Peticionario<br><br><br>v.<br><br><br>**RAFAEL LUCIANO QUIÑONES**<br><br>Recurrido | KLCE202500407<br>consolidado con<br>KLCE202500436 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>LO2024CV00102<br>LO2024CV00103<br><br>Sobre:<br>Reposesión de Bienes Muebles |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de junio de 2025.

En los casos consolidados de referencia, el señor Juan Aníbal Quiñones Bulerín (en adelante "señor Quiñones Bulerín" o "peticionario") impugna dos (2) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Loíza (TPI). A saber, la *Orden* (KLCE202500407) y *Resolución Interlocutoria* (KLCE202500436) notificadas el 10 de marzo de 2025.

Mediante el primero, el foro de instancia dispuso que resolvería la solicitud de sentencia sumaria incoada por el señor Bulerín Quiñones una vez culminara el proceso de descubrimiento de prueba. A través del segundo, el foro *a quo* determinó que la Sucesión de Eloy Quiñones Machuca era parte indispensable en el pleito. En consecuencia, concedió un término de treinta (30) días al

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

peticionario para enmendar la demanda so pena de desestimar el pleito sin perjuicio.

Por los fundamentos que expresamos a continuación, se expiden los recursos de *certiorari* y revocamos la *Orden* y *Resolución Interlocutoria* recurridas.

**I.**

El 11 de junio de 2024, el señor Quiñones Bulerín incoó varias demandas en contra de su sobrino, el señor Rafael Luciano Quiñones (en adelante "señor Luciano Quiñones" o "recurrido"). Mediante las mismas, el peticionario expresó que era propietario en común proindiviso con otros miembros de la Sucesión de Eloy Quiñones Bulerín de un inmueble de 2.8416 cuerdas localizadas en el Barrio Torrecilla Baja, Sector La Torre, en el municipio de Loíza. Añadió que, era dueño en su carácter privativo de dos estructuras comerciales ubicadas sobre el referido inmueble y alegó que, el señor Luciano Quiñones se apropió ilegalmente de ambas propiedades y las rentó a una tercera persona. Por ello, el peticionario solicitó al foro primario que le ordenara al recurrido entregarle la posesión física de los referidos inmuebles y que le pagara la cantidad de dinero que ha recibido en concepto de renta por parte del tercero.

Luego de varias incidencias procesales, el 2 de agosto de 2024, el señor Luciano Quiñones presentó *Contestación a Demanda y Reconvención*. En estas, en síntesis, adujo que la finca antes mencionada pertenecía en común proindiviso a los miembros de varias sucesiones, los cuales sostuvo eran partes indispensables en el pleito. Alegó además que ambas partes habían otorgado un contrato verbal de promesa mediante el cual se obligaron mutuamente a vender y comprar la totalidad de la participación hereditaria del señor Quiñones Bulerín en los bienes del caudal objeto de la demanda de partición en el caso civil FCCI2009-00004,

incluyendo las estructuras propiedad del peticionario ubicadas en dicha finca.

Posteriormente, el 5 de agosto de 2024, el señor Quiñones Bulerín presentó su *Contestación a Reconvención*, mediante la cual se limitó a negar las alegaciones contenidas en la reconvención.

Así las cosas, luego de varios trámites procesales, el señor Luciano Quiñones presentó *Moción de Desestimación por Falta de Partes Indispensables*. En esta, reiteró que los herederos de la sucesión Eloy Quiñones Machuca tenían derecho a comparecer en el pleito. Ello fundamentado en que en el caso mediante el cual se le otorgó la titularidad de ambos inmuebles al señor Quiñones Bulerín no se hizo referencia a la cabida que ocupaban las estructuras construidas en dicha finca.

En desacuerdo, el 19 de noviembre de 2024, el peticionario presentó *Oposición a Solicitud de Desestimación de Rafael Luciano Quiñones*. Allí sostuvo que, la titularidad de los inmuebles objeto de la demanda en el caso de autos le había sido adjudicada previamente mediante sentencia.

De otra parte, el 27 de noviembre de 2024, el señor Luciano Quiñones mediante su *Réplica a Oposición a Moción de Desestimación por Falta de Partes Indispensables* puntualizó que el señor Quiñones Bulerín no refutó en su escrito que en la Sentencia de 8 de julio de 1994 no se adjudicó la cabida que ocupaban las estructuras construidas en la finca y que, tampoco disputó que los herederos del referido solar tenían derecho a presentar las defensas que estimaran procedentes, entre estas, si la cabida del solar que ambas estructuras ocupan ha variado desde que se le adjudicó al peticionario la titularidad.

Luego, el 14 de febrero de 2025, el señor Quiñones Bulerín presentó *Solicitud de Sentencia Sumaria en Armonía con la Regla 36.1 de Procedimiento Civil.*

Empero, el 18 de febrero de 2025, el señor Luciano Quiñones mediante *Moción para que se posponga Resolución de Solicitud de Sentencia Sumaria o se deniegue en esta etapa y sobre otros extremos* solicitó que se pospusiera el término para oponerse a la solicitud de sentencia sumaria hasta tanto el foro primario resolviera la controversia sobre la falta de partes indispensables y finalizara el descubrimiento de prueba. Argumentó que realizar dichos trámites procesales antes de que las partes indispensables fueran acumuladas en el pleito resultaría en un ejercicio en futilidad, debido a que la falta de estas viciaría de nulidad *ab initio* dichos trámites.

En desacuerdo, el 7 de marzo de 2025, el señor Quiñones Bulerín presentó escrito solicitando al tribunal que resolviera su solicitud de sentencia sumaria.

Así las cosas, el 10 de marzo de 2025, el foro primario notificó la *Orden* y *Resolución Interlocutoria* aquí recurridas. Mediante la referida *Orden,* el foro de instancia determinó que adjudicaría las mociones dispositivas una vez terminara el descubrimiento de prueba. Además, en la resolución impugnada dispuso que la Sucesión de Eloy Quiñones Bulerín era parte indispensable en el caso y, por ello, le concedió un término de treinta (30) días al peticionario para enmendar la demanda e incluir todos los miembros de la sucesión.

En desacuerdo, el 25 de marzo de 2025, el señor Quiñones Bulerín presentó *Solicitud de Reconsideración de Orden Notificada el 10 de marzo de 2025 sobre Solicitud de Sentencia Sumaria.* En esta arguyó que la determinación del foro primario era contraria a lo dispuesto en la Regla 36(b) de Procedimiento Civil y solicitó que se resolviera su Solicitud de Sentencia Sumaria disponiendo que los bienes inmuebles en controversia le pertenecen.

En la misma fecha, el peticionario presentó además *Solicitud de Reconsideración sobre Resolución Interlocutoria notificada el 10 de marzo de 2025 sobre Partes Indispensables*. Allí arguyó que la controversia del caso se limitaba únicamente a determinar quién era el dueño de las dos (2) estructuras comerciales ubicadas en el municipio de Loíza. Asimismo, reiteró que la titularidad de los referidos inmuebles le había sido adjudicada previamente mediante Sentencia y sostuvo que los miembros de la Sucesión no eran partes indispensables en el caso.

Empero, el 25 de marzo de 2025, el TPI declaró *No Ha Lugar* la *Solicitud de Reconsideración de Orden Notificada el 10 de marzo de 2025 sobre Solicitud de Sentencia Sumaria* presentada por el señor Quiñones Bulerín. El foro recurrido razonó que existían controversias esenciales que podrían ser atendidas una vez finalizara el descubrimiento de prueba, entre las cuales se encontraba: la titularidad del bien, su extensión y si procedía o no la causa de acción.

De otra parte, el foro de instancia le concedió al señor Luciano Quiñones un término para que expresara su posición sobre la solicitud de reconsideración de la resolución interlocutoria del señor Quiñones Bulerín. En cumplimiento con la referida orden, el 10 de abril de 2025, el recurrido presentó *Oposición a Moción de Reconsideración*.

Así las cosas, el 11 de abril de 2025, el foro de instancia declaró *No ha Lugar* la solicitud de reconsideración.

Insatisfecho, el 15 de abril de 2025, el señor Quiñones Bulerín recurrió ante este foro revisor mediante recurso de *Certiorari* (KLCE2025-00407) señalando los siguientes errores:

> Incurrió en error el TPI al posponer el resolver la Solicitud de Sentencia Sumaria hasta finalizar el descubrimiento de prueba, utilizando como fundamento que existen controversias esenciales como la titularidad de los inmuebles, cuando de las

alegaciones en la Demanda, la Contestación a la Demanda y que transcurrido 10 meses desde que el demandado fue emplazado hasta el presente, y este no ha realizado descubrimiento de prueba alguno.

Incurrió en error el TPI al disponer que la Demanda en el caso de autos es una acción reivindicatoria; que el demandante debe describir con exactitud y certeza la propiedad, la cabida y los linderos del inmueble que se interesa reivindicar, que debe alegarse afirmativamente en la Demanda, como requisitos de la acción[,] que la parte demandante es la dueña legitima del inmueble reclamado; que el inmueble reclamado le pertenece y no al demandado; que el inmueble se encuentra indebidamente en posesión de la parte demandada; que la parte demandante debe exponer su título o documento acreditativo del dominio y no puede descansar únicamente en los vicios que tenga el título de la parte demandada, cuando la Demanda de autos cumple con todos los requisitos citados por el TPI.

Posteriormente, el 23 de abril de 2025, el peticionario instó otro recurso de *Certiorari* (KLRA2025-00436). En este alega que el foro primario cometió el siguiente error:

Incurrió en error el TPI al disponer que los miembros de la Sucesión Eloy Quiñones Bulerín son partes indispensables en el caso de autos, cuando los dueños de las 2.84 cuerdas de terreno son los miembros de la Sucesión de Eloy Quiñones Machuca y estos no tienen relación alguna en el caso de autos.

El 13 de mayo de 2025, el señor Quiñones Luciano compareció mediante *Oposición a Expedición de Auto de Certiorari.*

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos

atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

El Art. 741 del Código Civil dispone que el derecho de propiedad conlleva las facultades de gozar, disponer y accionar para recuperar la cosa objeto de propiedad. 31 LPRA sec. 7951. Este precepto dispone que un propietario tiene disponible una "acción contra el tenedor y el poseedor de la cosa para reivindicarla". *Íd.* Esta facultad para recuperar la propiedad surge del derecho que tiene un propietario de excluir a terceros para que no interfieran con el uso, disfrute o disposición del objeto de su derecho. S*oc. Gananciales v. G. Padín Co., Inc.,* 117 DPR 94, 100 (1986); J. Puig Brutau, *Compendio de Derecho Civil*, Vol. III, Ed. Bosch, Barcelona, 1989, pág. 44.

Para que prospere una demanda en reivindicación se debe establecer: (1) que el demandante tiene un derecho de propiedad

sobre la cosa que reclama; (2) que la acción se dirija contra quien tenga la cosa en su posesión; (3) que el demandado no pueda oponer ningún derecho que justifique su pretensión de retener la cosa frente al propietario y (4) que se identifique, de manera precisa y clara, la cosa que se reivindique. J. Puig Brutau, *op. cit.*, págs. 46-47.

Se ha expresado, además, que el objeto de la reivindicación no es recobrar cualquier cantidad de terreno sino una cantidad específica y determinada. *Castrillo v. Maldonado*, 95 DPR 885, 891 (1968). Así también, se ha establecido que, en una controversia de reivindicación, es indudable que los planos, constituyen parte de la evidencia que puede utilizar un tribunal para restablecer a su verdadera situación los límites de diversos fundos. *Íd.*

El demandante viene obligado a probar su título y no puede descansar únicamente en los vicios que tenga el título del demandado. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006); *Castrillo v. Maldonado, supra,* pág. 891; *Meléndez v. Almodóvar*, 70 DPR 527, 532 (1949). Cumplido esto, corresponde al demandado señalar y probar su mejor título. *Ramírez Quiñones v. Soto Padilla, supra, pág. 157*; *Arce v. Díaz,* 77 DPR 624, 628-629 (1954).

Si el poseedor cuenta a su favor con cualquier título legítimo para seguir poseyendo la cosa, así se derive de un derecho real limitado o de cualquier otra circunstancia, la acción reivindicatoria pierde su sentido. Carlos Lasarte, *Propiedad y Derechos Reales de Goce: Principios de Derecho Civil IV*, Marcial Pons, Madrid, 2010, pág. 137. Por tanto, para que prospere la acción reivindicatoria la situación posesoria del demandado debe ser infundada, carente de título en sentido material que justifique la posesión.

### C.

La Regla 16.1 de Procedimiento Civil es la que regula lo concerniente a la acumulación de partes indispensables. 32 LPRA

Ap. V, R. 16.1. Esta es un corolario del principio establecido en nuestra Constitución que prohíbe que una persona sea privada de su libertad o propiedad sin un debido proceso de ley. Art. II, Sec. 7, Const. ELA.

En ese sentido, la regla sobre acumulación indispensable de partes tiene el propósito de proteger a la persona que no está presente de los efectos legales de la sentencia y así evitar que se multipliquen los pleitos. En todo caso, "[l]a falta de parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, puede presentarse por primera vez en apelación e incluso puede suscitarse *sua sponte* por un tribunal apelativo ya que, en ausencia de parte indispensable, el tribunal carece de jurisdicción". *RPR & BJJ, Ex parte*, 207 DPR 389 (2021); *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005), citando *Hernández Agosto v. López Nieves*, 114 DPR 601, 625 (1983).

La Regla 16.1 de Procedimiento Civil, *supra*, define parte indispensable como, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia". También, una parte indispensable es de la cual "[n]o se puede prescindir, pues, sin su presencia, las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados". *Allied Mgmt Group. v. Oriental Bank*, 204 DPR 374, 389 (2020); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019); *López García v. López García*, supra, pág. 63. La referida Regla nos señala que, dichas partes deben acumularse como demandantes o demandadas, según corresponda y, de rehusarse a unirse como demandante, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.1. Por consiguiente, es esencial incluir a toda parte indispensable en un determinado pleito para que el decreto judicial

emitido resulte completo. *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001).

La anterior Regla tiene como objetivo impedir que la persona ausente sea privada de su propiedad sin un debido proceso de ley. *Romero v. SLG Reyes*, supra, págs. 733-734. Por consiguiente, de percatarse que hay ausencia de parte indispensable, debe desestimarse la acción. No empece a esto, dicha desestimación no tendrá efecto de una adjudicación en los méritos o cosa juzgada. *Romero v. SLG Reyes*, supra, pág. 734.

El tratadista Cuevas Segarra explica que, "[l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clases de derechos, intereses en conflicto, resultado y formalidad. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. II, pág. 695.

Como es harto conocido, la falta de parte indispensable "constituye una defensa irrenunciable que puede presentarse en cualquier [etapa] durante el proceso". *López García v. López García*, 200 DPR 50, 65 (2018). Es menester destacar que no acumular una parte indispensable priva al tribunal de jurisdicción sobre la persona, y como consecuencia, si emite una sentencia en ausencia de la parte indispensable, esta será nula. *Rivera Marrero v. Santiago Martínez*, supra, pág. 479; *García Colón v. Sucn. González*, supra, pág. 550.

### III.

**KLCE202500407:**

Por su estrecha relación, discutiremos los señalamientos de error conjuntamente.

En esencia, el señor Quiñones Bulerín alega que el TPI se equivocó al posponer resolver la *Solicitud de Sentencia Sumaria*

hasta que finalice el descubrimiento de prueba. Aduce la parte peticionaria que terminó su descubrimiento de prueba el 5 de agosto de 2024 y que han transcurrido diez (10) meses desde que el recurrido fue emplazado y no ha realizado descubrimiento de prueba alguno. También, expone que el TPI incurrió en error al disponer que la Demanda en el caso de autos es una acción reivindicatoria y señala que esta cumple con todos los requisitos citados por el foro primario. En ese sentido, sostiene que en la *Demanda Enmendada* alegó que: 1) era el dueño legítimo de los inmuebles reclamados; 2) que los inmuebles reclamados le pertenecían a él y no al señor Luciano Quiñones y; 3) que los inmuebles se encontraban indebidamente en posesión del señor Luciano Quiñones.

Por su parte, el señor Luciano Quiñones arguye que las Reglas de Procedimiento Civil le confieren el derecho a la parte demandada de presentar una moción de desestimación por no haber sido acumuladas en el pleito partes indispensables. Cónsono con ello, esboza que, aun cuando las reglas no contemplan si los términos para realizar descubrimiento de prueba y presentar mociones de sentencia sumaria se paralizan luego de incoada una moción de desestimación, a su entender lo lógico es que estos trámites se paralicen hasta tanto la moción desestimatoria sea resuelta. Sostiene que el descubrimiento de prueba resultaría en un gasto innecesario debido a que la falta de partes indispensables viciaría de nulidad *ab initio* dichos trámites. A su vez, puntualiza que la sentencia dictada por el foro primario el 8 de junio de 1994 no especifica la cabida y linderos de las estructuras objeto de controversia. Por lo que, señaló que, por tratarse de una acción reivindicatoria, al demandante —aquí parte peticionaria— le correspondía cumplir con los requisitos jurisprudenciales.

Así pues, luego de examinar el recurso de *Certiorari* y el pronunciamiento sujeto a revisión, atisbamos que erró el TPI en su determinación.

Surge de la *Demanda Enmendada*, que el señor Quiñones Bulerín alegó que: 1) construyó y era el dueño en su carácter privativo de las estructuras comerciales nombradas "Soleil", "Pa Donde Paul" y el "Pulpo Loco" y; 2) que el recurrido se apropió ilegalmente de los referidos inmuebles. En ese sentido, entendemos que el peticionario cumplió con alegar los requisitos jurisprudenciales de una acción reivindicatoria. Además, aun cuando el foro primario realizó expresiones, mediante la *Resolución Interlocutoria* notificada el 28 de marzo de 2025, referentes a que persistían controversias esenciales que impedían la resolución del caso por la vía sumaria en esa etapa de los procedimientos, lo cierto es que ello no dispuso de la solicitud de sentencia sumaria presentada por el señor Quiñones Bulerín. Lo anterior, a pesar de que el peticionario reiteradamente cumplió con alegar los requisitos de su causa de acción. Por lo que, no vemos razón para continuar postergando la resolución de la solicitud de sentencia sumaria hasta que culmine el descubrimiento de prueba. Corresponde que el foro primario continúe los procedimientos y en su día disponga de la moción dispositiva ante su consideración.

Por los fundamentos expuestos, resolvemos expedir el auto de *certiorari* solicitado y revocar la *Orden* recurrida.

**KLCE202500436:**

Mediante su único señalamiento de error, el señor Quiñones Bulerín aduce que incurrió en error el TPI al disponer que los miembros de la Sucesión Eloy Quiñones Bulerín son partes indispensables en el caso. Aduce que los dueños de la finca de 2.8416 cuerdas son los miembros de la Sucesión de Eloy Quiñones

Machuca y que estos no guardan relación alguna con la controversia en el caso.

Por otro lado, el señor Luciano Quiñones reitera que la finca en donde enclavan las referidas estructuras pertenece en común proindiviso a los miembros de la Sucesión de Eloy Quiñones Machuca. Además, señala que en la sentencia mediante la cual se le adjudicó la titularidad de las estructuras al señor Bulerín Quiñones no se especificó la cabida y linderos de los inmuebles, sino que únicamente hace referencia a la totalidad de la finca.

De otra parte, de la *Resolución* recurrida se desprende que el foro primario ordenó al señor Quiñones Bulerín enmendar la demanda a los fines de incluir los miembros de la Sucesión de Eloy Quiñones Bulerín. Ello tras determinar que la referida Sucesión era parte indispensable en el pleito. No obstante, luego de un análisis concienzudo del recurso de *Certiorari* ante nuestra consideración, colegimos que se cometió el error señalado.

Surge del expediente del caso que, el 8 de julio de 1994, el TPI le adjudicó al señor Quiñones Bulerín la titularidad de tres estructuras que se encontraban ubicadas sobre el predio hereditario. En ese sentido, la sentencia dispuso que el peticionario había erigido y ocupado como dueño las estructuras comerciales nombradas como: "El Pulpo Loco", "La Aldea Taína" y "El Hawaiian". Siendo así, no vemos razón por la cual se deban incluir en el pleito los demás miembros de la Sucesión de Eloy Quiñones Bulerín. Ello pues el peticionario únicamente solicita que se le devuelva la posesión física de los inmuebles que, conforme a la sentencia de 1994, le pertenecen.

Por lo tanto, somos del criterio que el foro primario erró al determinar que los demás miembros de la sucesión eran partes indispensables en el pleito. Así pues, expedimos el recurso de

certiorari presentado ante nos y revocamos la determinación del foro recurrido.

**IV.**

Por los fundamentos antes esbozados, se expiden los autos de *certiorari* y, en consecuencia, se revocan la *Orden* y *Resolución Interlocutoria* emitidas el 10 de marzo de 2025. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Loíza, para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria. La Juez Barresi Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones