Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JORGE ERNESTO SANTIAGO VÁZQUEZ Y OTROS<br><br>Demandante - Apelante<br><br>v.<br><br>SUCN. DE RODOLFO PÉREZ PÉREZ Y OTROS<br><br>Demandado - Apelado | TA2026AP00159 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2023CV01153<br><br>Sobre: Entredicho Provisional; Injunction Preliminar y Permanente; Interdicto Posesorio; Incumplimiento de Contrato; Daños y Perjuicios, Constitución de Servidumbre de Paso y Deslinde |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

En conexión con una disputa vecinal, el Tribunal de Primera Instancia ("TPI"), por la vía sumaria, declaró con lugar una reconvención relacionada con la titularidad, y derechos sobre el uso, de un predio de terreno (el "Camino"). Según se explica en detalle a continuación, concluimos que el récord demuestra, de forma incontrovertida, que el Camino es propiedad privada de los demandados y que los demandantes no tienen derecho alguno sobre el mismo, por lo cual actuó correctamente el TPI.

I.

En marzo de 2023, el Sr. Jorge Ernesto Santiago Vázquez, la Sa. Marlene Rodríguez Marzán, el Sr. Ernesto Santiago Ríos, la Sa. Gloria Josefina Vázquez Prado y la sociedad legal de gananciales compuesta por estos (los "Demandantes") instaron la acción de referencia, sobre entredicho provisional, *injunction* preliminar y

permanente, interdicto posesorio y daños y perjuicios (la "Demanda"), en contra del Sr. Rodolfo Pérez Pérez, su esposa la Sa. Olga Pérez Prado, la sociedad legal de gananciales por estos compuesta, el Sr. Wilmer Negrón Pérez, su esposa la Sa. Magali Rodríguez y la sociedad legal de gananciales compuesta por ambos (los "Demandados").

Los Demandantes alegaron que adquirieron de los Demandados un predio de terreno y que tenían derecho al uso del Camino, el cual alegaron era la única vía de acceso a la residencia del Sr. Jorge Ernesto Santiago Vázquez. Solicitaron que el TPI le prohibiera a los Demandados interferir con el uso del Camino.

Al cabo de varios trámites procesales, el 14 de marzo, el TPI celebró una vista urgente. De acuerdo con la *Minuta* que recoge las incidencias de la vista, **los Demandados aclararon que no objetaban que los Demandantes pasaran por el Camino** (identificado como lote UP-1), el cual es propiedad privada. No obstante, sí se oponían a que los Demandantes usaran el Camino como **estacionamiento** propio o de visitantes y a que realizaran allí **trabajos de mecánica y de lavado autos**. Por su parte, los Demandantes arguyeron que el Camino es de uso público y que tenían derecho a utilizarlo para labores de limpieza y mantenimiento.[1]

A finales de mayo, los Demandados instaron una *Contestación a Demanda Enmendada y Reconvención*. Alegaron que, al codemandante, Sr. Jorge Ernesto Santiago Vázquez, no se le negaba el paso por el Camino. Sin embargo, por ser este un predio privado, no procedían actos de titularidad de los Demandantes. Afirmaron que eran los Demandantes quienes intentaban impedir que los Demandados usaran el Camino, a pesar de que el mismo era de su

---

[1] El 15 de marzo, los Demandantes enmendaron la Demanda para, en lo pertinente, incluir al Municipio de Toa Alta.

propiedad. Enfatizaron que los Demandantes intentaban realizar actos de dominio, como "lavar y trabajar carros, estacionar visitas y botar basura".[2] **Añadieron que el problema de acceso a la propiedad del codemandante, Sr. Jorge E. Santiago Vázquez, surgió cuando el padre de este (Sr. Ernesto Santiago) segregó su terreno**.

A través de la *Reconvención*, los Demandados alegaron que ostentaban la titularidad del Camino y reclamaron que los Demandantes les han ocasionado angustias mentales y pérdidas económicas.

El 22 de junio, los Demandantes presentaron una *Contestación a Reconvención*. Alegaron que, desde el 10 de febrero de 2010, el codemandado Sr. Rodolfo Pérez Pérez prestó su consentimiento para el uso del camino y describieron la acción reivindicatoria como un cambio de parecer y un incumplimiento de contrato. Asimismo, negaron haber incurrido en actos culposos o negligentes en contra de los Demandados.

Subsecuentemente, el TPI desestimó la causa de acción sobre *injunction* y el caso continuó bajo el procedimiento ordinario. El 5 de agosto, los Demandantes presentaron un *Aviso de Desistimiento Sin Perjuicio en Cuanto al Municipio Autónomo (sic) de Toa Alta*. Consecuentemente, el 30 de agosto, el TPI desestimó, sin perjuicio, la *Demanda Enmendada* en contra del Municipio.

Por otro lado, el 13 de julio de 2024, **los Demandantes desistieron de la *Demanda Enmendada.***

El 17 de marzo de 2025, el TPI notificó una *Orden* que dio por admitido un requerimiento de admisiones cursado por los Demandados, ello porque los Demandantes no lo contestaron

---

[2] Véase, *Contestación a Demanda Enmendada y Reconvención*, Entrada 32 de SUMAC, pág. 4.

oportunamente.  **Destacamos que se dio por admitido que el Camino no es de uso público**.

El 22 de octubre de 2025, los Demandados instaron una *Moción [de] Sentencia Sumaria* (la "Moción").  **Los Demandantes no se opusieron a la *Moción*.**

El 2 de diciembre, el TPI notificó una *Sentencia* (la "Sentencia") mediante la cual declaró con lugar la *Reconvención*; el TPI determinó que no había controversia sobre los siguientes hechos:

1. La parte [reconviniente] ostenta titularidad sobre el predio de terreno o camino, objeto del presente caso.

2. El predio de terreno es uno privado, que pertenece a la parte reconv[iniente].

3. El predio de terreno o camino nunca fue donado al Municipio de Toa Alta, para ser utilizado como camino de uso público, por tanto, continúa siendo privado de la parte reconv[iniente].

4. Sobre el camino o predio de terreno no hay una servidumbre de paso a favor de los reconvenidos.

5. La parte reconvenida utiliza y posee el predio de terreno porque la parte reconv[iniente] se lo permite y no porque tenga un derecho sobre el terreno.

6. La parte reconvenida no paga nada a los reconv[inientes] por el uso del camino o predio de terreno.

7. Se le ha solicitado a la parte reconvenida la devolución de la posesión del camino o predio de terreno, negándose estos a entregar su posesión.

Así pues, el TPI concluyó que los Demandados eran los titulares del Camino y que los Demandantes no tenían titularidad o algún otro derecho a su favor sobre el mismo.  En consecuencia, declaró *Ha Lugar* la Moción y le ordenó a los Demandantes devolver el Camino y desistir de utilizarlo.

El 12 de diciembre, los Demandados instaron un *Memorando de Costas y Solicitud de Imposición de Honorarios de Abogado*.

Por su parte, el 17 de diciembre, los Demandantes presentaron una *Solicitud de Reconsideración y de Emisión de Determinaciones Adicionales*.

**El 22 de diciembre**, el TPI notificó una *Orden* en la que le impuso a los Demandantes el pago de costas y, además, condenó a estos a satisfacer $6,500.00 por concepto de honorarios de abogados (la "Orden").

Mediante un dictamen de 14 de enero de 2026, el TPI denegó la solicitud de reconsideración de la Sentencia presentada por los Demandantes.

En desacuerdo, el **13 de febrero**, los Demandantes instaron el recurso de apelación de referencia; formulan los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL NO CONSIDERAR EL USO PÚBLICO DEL PREDIO DE TERRENO Y CONCEDERLE USO EXCLUSIVO DE ESTE A LOS APELADOS.

> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL NO UTILIZAR SU PODER PARA REGIR LOS PROCEDIMIENTOS POST SENTENCIA PARA QUE LOS APELANTES TUVIERAN OPORTUNIDAD DE BUSCAR UN NUEVO ACCESO A SU RESIDENCIA.

> TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL CONCEDER $6,500 EN CONCEPTO DE HONORARIOS DE ABOGADO CUANDO NO HUBO UNA DETERMINACIÓN DE TEMERIDAD NI OCURRIÓ TAL TEMERIDAD.

Los Demandados presentaron su alegato en oposición. Resolvemos.

## II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.*, 193 DPR 100, 109 (2015). Este mecanismo procede cuando no existe una controversia real sobre hechos materiales. Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Si se concluye que "existe una controversia real y sustancial

sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Íd.*

La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, indica los requisitos que tanto el proponente de la sentencia sumaria, como al que se opone a la misma, deben satisfacer. La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, la parte que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tienen que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b).

Así pues, la parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De igual forma, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Íd.*

### III.

De otro lado, un propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión.  Artículo 820 del Código Civil, 31 LPRA sec. 8101.  Para ello, el promovente de dicha acción debe (1) presentar el justo título de propiedad; (2) dirigir la acción contra quien tiene la cosa en su poder; (3) demostrar que el demandado no posee un título que le permita seguir en la posesión; e (4) identificar adecuadamente el objeto.  Artículo 821 del Código Civil, 31 LPRA sec. 8102.  Véase, además, *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006); *Pérez Cruz v. Fernández*, 101 DPR 365, 374 (1973); *Arce v. Díaz*, 77 DPR 624, 628-629 (1954).[3]

En este tipo de acción, el demandante estará obligado a (1) probar su título sin descansar exclusivamente en los vicios que tenga el título del promovido; y (2) demostrar que el inmueble que reclama es el mismo que surge de los documentos, títulos y demás medios de evidencia en que basa su pretensión.  *Ramírez Quiñones*, *supra*, citando a *Sucn. Meléndez v. Almodóvar*, 70 DPR 527, 532 (1949).  Véase, también, *Castrillo v. Maldonado*, 95 DPR 885, 891 (1968), citando a J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7.ª ed., Madrid, Ed. Reus, 1952, T. III, pág. 138; *ELA v. Pérez Valdivieso*, 83 DPR 863, 877 (1961); *Velázquez v. Velázquez*, 82 DPR 619, 631 (1961).  En respuesta, le corresponde al demandado señalar y probar su mejor título.  *Ramírez Quiñones*, *supra*, citando a *Arce, supra.*

### IV.

De otra parte, el remedio disponible como sanción por el uso indebido de los procedimientos legales será la imposición de costas

---

[3] Se hace referencia al entonces vigente Art. 280 del Código Civil de 1930, 31 LPRA ant. sec. 1111 y su jurisprudencia interpretativa.

y honorarios de abogado por temeridad, cuando procedan. *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 97 (1992).

La Regla 44.1(d) de las de Procedimiento Civil, 32 LPRA Ap. V R. 44.1(d), reglamenta lo concerniente a la imposición de honorarios de abogado. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 192 (2022). En síntesis, la Regla 44.1(d), *supra*, dispone que, cuando "cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle **en su sentencia** al o a la responsable el pago de una suma por concepto de honorarios de abogado..." (Énfasis provisto).

Incurre en temeridad aquella parte que, por su "terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito". *Pérez Rodríguez*, 210 DPR a la pág. 193; *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843 (2008); *Torres Ortiz v. E.L.A.*, 136 DPR 556, 565 (1994); *Polanco v. Tribunal Superior*, 118 DPR 350, 359 (1987). La temeridad "conlleva aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos". *SLG González-Figueroa v. SLG et al.*, 209 DPR 138, 148 (2022). Los honorarios por temeridad buscan "disuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos y las molestias sufridas por la otra parte". *Torres Ortiz*, 136 DPR a la pág. 565. A diferencia de las costas, que sólo las puede recobrar quien prevalece en el pleito, no se requiere prevalecer para recobrar honorarios por temeridad.

La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que

la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua. Véanse, *Monteagudo Pérez v. ELA*, 172 DPR 12, 31-32 (2007); *Ramírez v. Club Cala de Palmas*, 123 DPR 339, 350 (1989). Consecuentemente, "los tribunales apelativos intervendrán únicamente cuando surja en tal concesión un claro abuso de discreción". *Pérez Rodríguez*, 210 DPR a la pág. pág. 193.

## V.

Concluimos que actuó correctamente el TPI al declarar con lugar la *Reconvención* por la vía sumaria. Como cuestión de umbral, adviértase que los Demandantes no se opusieron a la Moción. Más importante aún, a través de la Moción, los Demandados demostraron que eran los propietarios del Camino, mientras los Demandantes no acreditaron de forma alguna tener derecho alguno a poseer o utilizar el Camino.

Asimismo, no surge del récord que el Camino sea de uso público, fuera cedido para dicho uso o fuera expropiado por el Municipio de Toa Alta. De hecho, al no contestar oportunamente un requerimiento de admisiones, los Demandantes admitieron que el Camino no era público y que no existía escritura de donación para uso público por parte del Sr. Rodolfo Pérez Pérez (codemandado). También admitieron que usaban el Camino debido a que los Demandados se lo permitían.

En cuanto a la impugnación de la imposición de honorarios por temeridad a través de la Orden, concluimos que no tenemos jurisdicción para revisar esta determinación. Adviértase que el presente recurso fue presentado luego de expirado el correspondiente término de cumplimiento estricto para la revisión de la Orden. Regla 32(C) del Reglamento del Tribunal de Apelaciones. Por su parte, al no haberse determinado nada en la Sentencia en cuanto a temeridad, u honorarios por temeridad, la apelación de la misma no nos permite dilucidar este asunto.

## VI.

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones